Donald WASHINGTON, Jr., Petitioner–Appellant,

v.

Steve CAMBRA, Respondent–Appellee.

No. 98–15730.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 14, 1999

Decided April 14, 2000

---

* The Honorable David Alan Ezra, United States District Judge for the District of Hawaii, sitting by designation.

John J. Jordan, San Francisco, California, for the petitioner-appellant.

Christopher W. Grove, Deputy Attorney General, San Francisco, California, for the respondent-appellee.

Before: SCHROEDER, FLETCHER, and BOOCHEVER, Circuit Judges.

FLETCHER, Circuit Judge:

Petitioner Donald Washington appeals from the district court's dismissal of his federal habeas petition on grounds of procedural default. We granted a certificate of appealability on the question whether, in 1994, the California Supreme Court regularly and consistently applied the procedural bar rules established in *In re Swain*, 34 Cal.2d 300, 209 P.2d 793 (1949), and *In re Dixon*, 41 Cal.2d 756, 264 P.2d 513 (1953). After the parties submitted their briefs in this case, the Ninth Circuit decided *Park v. California*, 202 F.3d 1146 (9th Cir.2000), holding that *Dixon* did not provide an independent state law basis for denying federal constitutional claims. We have jurisdiction pursuant to 28 U.S.C. § 2253(c). Following *Park,* we reverse the district court's dismissal of Washington's federal habeas petition.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Following a jury trial, Washington was convicted of battery on a correctional officer, resisting arrest, and assault by force likely to produce great bodily injury. Washington filed a direct appeal with the California Court of Appeal, raising issues related to his sentencing and his request for substitute counsel. On August 19, 1994, the California Court of Appeal affirmed Washington's conviction but remanded the case for re-sentencing.

Washington did not pursue a direct appeal to the California Supreme Court. He did, however, file a pro se petition seeking a writ of habeas corpus. The petition in that court made two claims: (1) that his right to a fair trial was violated when the jury saw him in court in waist chains, manacles, and leg irons; and (2) that the government improperly used his post-*Miranda* silence as evidence of his sanity. On May 28, 1997, the California Supreme Court denied Washington's petition in a two-line disposition: "Petition for writ of habeas corpus DENIED. (*In re Swain* (1949) 34 Cal.2d 300, 304, 209 P.2d 793; *In re Dixon* (1953) 41 Cal.2d 756, 759, 264 P.2d 513)."

Shortly thereafter, Washington filed a pro se habeas petition in federal district court asserting the same claims he made in the state petition. The state moved to dismiss under *Swain* and *Dixon* on grounds of procedural default. The district court granted the motion and we subsequently granted a certificate of appealability on the question whether *Swain* and *Dixon* were regularly and consistently applied by the California Supreme Court in 1994, the year Washington made his direct appeal to the California Court of Appeal.

## II. STANDARD OF REVIEW

■ We review de novo a district court's dismissal of a petition for writ of habeas corpus on grounds of state procedural default. *See Fields v. Calderon,* 125 F.3d 757, 759–60 (9th Cir.1997), *cert. denied,* 523 U.S. 1132, 118 S.Ct. 1826, 140 L.Ed.2d 962 (1998).

## III. DISCUSSION

In *Swain,* the California Supreme Court held that a state habeas petitioner who "belatedly presents a collateral attack ... [must] explain the delay in raising the question." 209 P.2d at 795. The *Swain* rule is commonly referred to as the "untimeliness" bar. *See In re Robbins,* 18 Cal.4th 770, 77 Cal.Rptr.2d 153, 959 P.2d 311, 340 n. 34 (1998). In *Dixon,* the California Supreme Court held that "in the

absence of special circumstances constituting an excuse for failure to employ [the] remedy [of direct review], the writ will not lie where the claimed errors could have been, but were not, raised upon a timely appeal from a judgment of conviction." 264 P.2d at 514. The *Dixon* and *Swain* rules are "separate and distinct" procedural bars. *Park*, 202 F.3d at 1152 n. 3.

Because Washington's federal habeas petition raises the same claims as his state petition, he has procedurally defaulted on those claims only if *Swain* and *Dixon* "provide[ ] adequate and independent state grounds for the California Supreme Court's decision." *Fields*, 125 F.3d at 760. In examining the *Swain* and *Dixon* procedural bars, we may reverse the dismissal if either rule is not adequate and independent. This is so because the California Supreme Court invoked both rules without specifying which rule applied to which of Washington's two claims. *See Calderon v. Bean*, 96 F.3d 1126, 1131 (9th Cir.1996) (state procedural default no bar to federal review where state court's order did not specify which rule applied to which claims); *Morales v. Calderon*, 85 F.3d 1387, 1392 (9th Cir.1996) ("[A] procedural default based on an ambiguous order that does not clearly rest on independent and adequate state grounds is not sufficient to preclude federal collateral review") (citing *Siripongs v. Calderon*, 35 F.3d 1308, 1317–18 (9th Cir.1994)).

In *Park*, we held that the *Dixon* rule does not provide an "independent" state law basis for denying a habeas petition (filed before *In re Robbins*) which raises fundamental constitutional errors. We reasoned that "[f]or a state procedural rule to be 'independent,' the state law ground for decision must not be 'interwoven with the federal law.'" 202 F.3d at 1152 (quoting *Michigan v. Long*, 463 U.S. 1032, 1040–41, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983), and citing *Harris v. Reed*, 489 U.S. 255, 265, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989)). Because a "fundamental constitutional error" qualified as an exception to both the *Dixon* and *Swain* rules under state law,[1] we concluded that the California Supreme Court "necessarily addressed fundamental constitutional claims when applying the *Dixon* rule." *Id.* at 1152. Thus the *Dixon* rule is not independent of federal law and does not preclude federal habeas review where the petitioner asserts the denial of a federal constitutional right. *Id.* at 1152–53. This is so regardless of the answer to the question we certified here (whether the *Dixon* rule was regularly and consistently applied in 1994).

Both of Washington's claims involve allegations of constitutional error. First, Washington contends that his rights to due process and a fair trial were violated when the jury was allowed to see him in waist chains, manacles, and leg irons. *See Spain v. Rushen*, 883 F.2d 712, 716 (9th Cir.1989) ("Generally, a criminal defendant has a constitutional right to appear before a jury free of shackles."); *see also Illinois v. Allen*, 397 U.S. 337, 344, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970) (shackles may be used only as a "last resort"). Second, Washington contends that the prosecutor violated his due process rights by referring to his post-*Miranda* silence as evidence of his sanity. *See Wainwright v. Greenfield*, 474 U.S. 284, 106 S.Ct. 634, 88 L.Ed.2d 623 (1986); *cf. People of Guam v. Cruz*, 70 F.3d 1090, 1092–93 (9th Cir.1995). Therefore, he cannot be held to have procedurally defaulted under *Dixon*.

**REVERSED AND REMANDED.**

---

1. *See Park*, 202 F.3d at 1152 and n. 3 (noting similarity of exceptions to the *Swain* and *Dixon* rules set forth in *In re Clark*, 5 Cal.4th 750, 21 Cal.Rptr.2d 509, 855 P.2d 729 (1993), and *In re Harris*, 5 Cal.4th 813, 21 Cal.Rptr.2d 373, 855 P.2d 391 (1993)).