Adrian GARIBAY, Petitioner–Appellant,

v.

Larry SMALL, Warden, Respondent–Appellee.

No. 99–36247.

D.C. No. CV–99–02965–CRM.

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 2001 *.

Decided June 28, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before WALLACE, HALL, and T.G. NELSON, Circuit Judges.

### MEMORANDUM **

We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(c), and we affirm. Because the parties are familiar with the facts, we do not recount them here.

We review de novo the district court's decision to deny Garibay's petition for habeas corpus.[1] Similarly, dismissal based on state procedural default presents issues of law reviewed de novo.[2] Review of a state court's findings of fact is deferential, however. Under the Antiterrorism and Effective Death Penalty Act of 1996, state court findings of fact are presumed to be correct, and the petitioner must rebut them with clear and convincing evidence.[3]

Only two issues were certified for appeal:

1. Whether the failure of petitioner's trial counsel to make the proper objection under California law to the evidence of a prosecution witness's willingness to take a lie detector test constituted ineffective assistance of counsel.

2. Whether petitioner made the requisite showing to overcome the state procedural bar to consideration on the merits of his due process and prosecutorial misconduct claims relating to the evidence of the prosecution witness's willingness to take a lie detector test.

■ As for the first issue, we conclude that the district court was correct when it determined that Garibay had not demonstrated prejudice from his trial counsel's failure to object adequately to the evidence of the willingness of a witness to take a lie detector test. Although counsel's failure to object was error, it did not prejudice Garibay in light of the weakness of the evidence itself and the overwhelming evidence against him.[4]

■ The district court was also correct when it determined that the claims composing the second part of this appeal were procedurally defaulted. Trial counsel did not, as California law requires, make a contemporaneous objection to the issues advanced on review,[5] and the state courts rejected Garibay's claims on the ground that they were procedurally defaulted. We may review a procedurally defaulted issue if the petitioner demonstrates "cause;" however, attorney error falling short of ineffective assistance of counsel does not constitute "cause." [6]

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. *Bribiesca v. Galaza,* 215 F.3d 1015, 1018 (9th Cir.2000).

2. *Washington v. Cambra,* 208 F.3d 832, 833 (9th Cir.2000).

3. *Solis v. Garcia,* 219 F.3d 922, 926 (9th Cir. 2000) (citing 28 U.S.C. § 2254(e)(1)). The Antiterrorism and Effective Death Penalty Act of 1996 applies to Garibay's case because his petition for writ of habeas corpus was filed in 1999.

4. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

5. *See Cal. Evid.Code* § 353(a).

6. *See Murray v. Carrier,* 477 U.S. 478, 488–89, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986).