**Taju AHMED, Petitioner–Appellant,**

v.

**ATTORNEY GENERAL OF the State of CALIFORNIA; C.A. Terhune, Director, Director of the California Department of Corrections, Respondents–Appellees.**

No. 01–55062.

D.C. No. CV–00–00084–TJW.

United States Court of Appeals, Ninth Circuit.

Submitted March 11, 2002.*

Decided Feb. 25, 2002.

Before FARRIS, W. FLETCHER, and FISHER, Circuit Judges.

## MEMORANDUM **

Taju Ahmed appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 petition. Ahmed seeks to challenge his state jury trial conviction and sentence for one count of first degree murder, with a sentence enhancement for personally using a firearm in the commission of the murder. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

We granted a certificate of appealability ("COA") on the sole issue of whether the district court properly determined that Ahmed's claims are procedurally defaulted.[1] Based on our de novo review, *see La Crosse v. Kernan*, 244 F.3d 702, 704 (9th Cir.2001), we conclude that Ahmed has procedurally defaulted his claims.

Federal courts will not review the merits of a § 2254 petition if the petitioner has procedurally defaulted his claims. *Id.* A petitioner has procedurally defaulted a claim if he: 1) has not given the state court an opportunity to act on the claim, 2) is now barred from presenting the claim because of the state's procedural rules, and 3) is unable to demonstrate cause and prejudice or a fundamental miscarriage of justice. *See Park v. California*, 202 F.3d

1146, 1150–51 (9th Cir.), *cert. denied*, 531 U.S. 918, 121 S.Ct. 277, 148 L.Ed.2d 202 (2000). For the procedural default rule to apply, application of the state procedural rule must provide an independent and adequate basis on which the state court can deny relief. *Id.* at 1151 (citations omitted).

The California Supreme Court summarily denied Ahmed's claims by citing to *Ex parte Dixon*, 41 Cal.2d 756, 264 P.2d 513, 514–15 (Cal.1953) and *Ex parte Swain*, 34 Cal.2d 300, 209 P.2d 793, 796 (Cal.1949). *Dixon* is known as the default rule, *Park*, 202 F.3d at 1151, and *Swain* is known as the untimeliness bar, *Washington v. Cambra*, 208 F.3d 832, 833 (9th Cir.), *cert. denied*, 531 U.S. 919, 121 S.Ct. 282, 148 L.Ed.2d 203 (2000). Application of the *Dixon* and *Swain* rules subsequent to *In re Robbins*, 18 Cal.4th 770, 77 Cal.Rptr.2d 153, 959 P.2d 311 (Cal.1998) and *In re Clark*, 5 Cal.4th 750, 21 Cal.Rptr.2d 509, 855 P.2d 729 (Cal.1993) constitutes independent and adequate state grounds barring federal review. *Bennett v. Mueller*, 273 F.3d 895, 899–901 (9th Cir.2001).

The California Supreme Court denied Ahmed's claims post-*Robbins* and post-*Clark*. Ahmed has failed to demonstrate cause and prejudice or a fundamental miscarriage of justice. Accordingly, the district court properly dismissed the § 2254 petition as procedurally defaulted. *See id.* at 899, 902–03.

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. Ahmed has failed to brief the issue upon which we granted him a COA. Instead, Ahmed has raised many other issues, which we do not consider because they fall outside the scope of the COA. *See Hiivala v. Wood*, 195 F.3d 1098, 1103 (9th Cir.1999) (per curiam).