**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

TERRELL CROSS,
           *Petitioner-Appellant,*

v.

D.K. SISTO, Warden,
           *Respondent-Appellee.*

No. 08-17324

D.C. No.
3:07-cv-03941-
WHA

OPINION

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Argued and Submitted
August 8, 2011—San Francisco, California

Filed April 18, 2012

Before: Diarmuid F. O'Scannlain, Susan P. Graber, and
Carlos T. Bea, Circuit Judges.

Opinion by Judge Bea

## COUNSEL

Mary E. Pougiales, Novato, California, for the petitioner-appellant.

Edmund G. Brown, Jr., Attorney General of California, San Francisco, California. Dane R. Gillette, Chief Assistant Attorney General, San Francisco, California, Gerald A. Engler, Senior Assistant Attorney General, San Francisco, California, Peggy S. Ruffra, Supervising Deputy Attorney General, San Francisco, California, Dorian Jung, Deputy Attorney General, San Francisco, California, for the respondent-appellee.

## OPINION

BEA, Circuit Judge:

California prisoner Terrell Cross appeals the district court's denial of his petition for a writ of habeas corpus, claiming that the district court incorrectly interpreted an earlier ruling by the California Supreme Court on one of Cross's state habeas petitions. The district court read that ruling as denying Cross's state court relief because Cross's petition in state court had been untimely filed. The district court therefore denied Cross's federal petition on the ground that it was barred by the one-year statute of limitations under 28 U.S.C. § 2244(d)(1)(A), which tolls the statute of limitations during the pendency of a state court petition, but only if that state petition is properly and timely filed. This case requires us to determine whether, when the California Supreme Court denies a habeas petition with citations to *Ex parte Swain*, 209

P.2d 793, 796 (Cal. 1949), and *People v. Duvall*, 886 P.2d 1252, 1258 (Cal. 1995), the denial is necessarily based on untimeliness.

We agree with Cross that the answer is no and that the district court did not correctly apply California law in determining that the California Supreme Court's denial of Cross's petition with citation to *Swain* and *Duvall* meant that Cross's petition before the California Supreme Court was untimely. Because the federal statute of limitations is tolled during the pendency of timely filed state petitions, Cross's federal petition was therefore timely, and we reverse and remand to the district court to consider the petition on the merits.

## I.  Facts and Procedural History

In 2003, Terrell Cross was convicted in a California trial court of murder in the second degree and other associated crimes. Cross was sentenced to 54 years to life in prison. Cross unsuccessfully appealed to the California Court of Appeal and the California Supreme Court. The California Supreme Court denied Cross's petition for review on January 12, 2005.

Cross's direct appeal became final 90 days later, on April 12, 2005, when Cross's time to petition the United States Supreme Court for a writ of certiorari expired. Cross claims that his lawyer did not inform him of the California Supreme Court's denial of his petition for review. While Cross lists April 12, 2005, as the date of the final California decision in his habeas application to the California superior court, he claims that it was not until July 2005 that he became aware that his direct appeal was final.

On July 27, 2005, Cross filed a petition for habeas corpus with the Alameda County Superior Court, claiming ineffective assistance of trial counsel and ineffective assistance of appellate counsel. On August 8, 2005, the superior court

denied Cross's petition for failure to state a prima facie case for relief.

On September 13, 2005, Cross filed a petition for habeas corpus with the California Court of Appeal, First Appellate District, citing the same grounds for relief as the petition in superior court. On September 14, 2005, the California Court of Appeal denied Cross's petition without comment or citation.

Cross filed a petition for habeas corpus with the California Supreme Court on September 29, 2005. On July 19, 2006, the California Supreme Court denied Cross's petition without comment but with citation to *Swain*, 209 P.2d at 796, and *Duvall*, 886 P.2d at 1258.

Cross began a second round of state habeas petitions when he filed a new petition in the California Court of Appeal on January 23, 2007. The California Court of Appeal denied the petition on January 30, 2007 "without prejudice to petitioner seeking relief in the first instance in the County of Alameda Superior Court."

Cross proceeded to file his habeas petition in Alameda Superior Court on March 6, 2007. This petition was denied on March 7, 2007, for failure to state a prima facie case for relief.

Cross filed his next habeas petition in the California Court of Appeal on April 2, 2007, and his petition was denied without comment or citation on April 18, 2007. Cross filed a habeas petition in the California Supreme Court on April 30, 2007. The California Supreme Court denied Cross's petition without citation or comment on June 20, 2007. The habeas petitions in Cross's second round of petitions cited different grounds for relief than his initial round of habeas petitions.[1]

---

[1]The second round of habeas petitions asserted: (1) the trial court erred in excluding evidence about a 9 mm handgun; (2) the Court of Appeal

Cross filed a petition for habeas corpus in federal district court on July 31, 2007. Cross contends that his federal habeas petition was ready to file on July 2, 2007, but that it was delayed because it took prison officials three weeks to file his *in forma pauperis* application. The district court denied Cross's habeas petition on the ground that it was untimely. The district court reasoned that because the California Supreme Court cited *Swain* when dismissing Cross's petition, that Court had dismissed his state habeas petition solely on grounds it was untimely filed. An untimely state habeas petition is not considered "properly filed" and thus does not toll the federal statute of limitations. *Allen v. Siebert*, 552 U.S. 3, 5 (2007) (per curiam). This court granted a certificate of appealability on the issues of (1) whether Cross's state petitions were "properly filed" for the purposes of statutory tolling[2] and (2) whether Cross is entitled to equitable tolling with respect to the delay in notifying him when his direct appeal became final.

## II.   Standard of Review

This court reviews *de novo* the district court's dismissal of a petition for habeas corpus filed pursuant to 28 U.S.C. § 2254. *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009). This court reviews the underlying findings of fact for clear error. *Id*.

---

erred in denying a motion to dismiss two counts of assault with a deadly weapon; (3) Cross's right to a trial by an impartial jury under the Fifth, Sixth, and Fourteenth Amendments was violated; (4) ineffective assistance of trial counsel for failure to investigate and call witnesses; (5) prosecutorial misconduct that violated Cross's right to due process; and (6) ineffective assistance of appellate counsel that deprived Cross of his Sixth Amendment rights. These claims are largely identical to the first six claims presented in Cross's federal habeas petition.

[2]"Statutory tolling" refers to the suspension of the running of a statute of limitations as provided by statute—in this case, 28 U.S.C. § 2244(d)(2). *See Allen*, 552 U.S. at 5; *see also* Black's Law Dictionary (9th ed. 2009) (entry on "tolling statute").

## III. Analysis

### A. The statute of limitations was tolled while Cross's first round state habeas petition to the California Supreme Court was pending.

**[1]** Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), there is a one-year statute of limitations for the filing of federal habeas corpus petitions. The statute's time runs from the date on which the state judgment of conviction becomes final. 28 U.S.C. § 2244(d)(1)(A).[3] The statute of limitations is tolled so long as a properly filed application for habeas corpus is pending in state court. 28 U.S.C. § 2244(d)(2).[4] "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable [state] laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (emphasis omitted). Whether an application has been properly filed "is quite separate from . . . whether the claims *contained in the application* are meritorious and free of procedural bar." *Id.* at 9.

**[2]** A state habeas petition is not "properly filed" for purposes of statutory tolling under AEDPA if the state petition was determined by the state court to be untimely as a matter

---

[3]28 U.S.C. § 2244(d)(1)(A) states:

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . .

[4]28 U.S.C. § 2244(d)(2) states:

The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

of state law. *Allen*, 552 U.S. at 5-6 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 414, 417 (2005)). Hence, untimely state habeas corpus petitions do not toll AEDPA's statute of limitations. *Evans v. Chavis*, 546 U.S. 189, 197 (2006). California applies a reasonableness standard to determine whether state habeas petitions are timely filed. *Id.* at 197 (citing *Carey v. Saffold*, 536 U.S. 214, 221 (2002)). The United States Supreme Court has held that California's reasonableness standard is commensurate with the limitations of other states, which are 30 or 45 days. *Carey*, 536 U.S. at 222. In the absence of a clear indication from the California Supreme Court about the timeliness of a petition, this court must determine whether the delay between petitions is reasonable. *Evans*, 546 U.S. at 198.

**[3]** Cross's first round state habeas petition to the California Supreme Court was denied with citations to *Swain,* 209 P.2d at 796, and *Duvall*, 886 P.2d at 1258. The district court interpreted the California Supreme Court's citations to *Swain* and *Duvall* to mean that Cross's habeas petition was untimely. *Swain* requires that a habeas petitioner "allege with particularity the facts upon which he would have a final judgment overturned and that he fully disclose his reasons for delaying in the presentation of those facts." 209 P.2d at 796. The habeas petition in *Swain* was denied without prejudice. *Id. Duvall* also addresses the requirement that a petitioner plead sufficient facts, reiterating that a habeas petitioner should "state fully and with particularity the facts on which relief is sought." 886 P.2d at 1258.

**[4]** The district court's interpretation is contrary to this court's interpretation of identical citations to *Swain* and *Duvall* in *Gaston v. Palmer*, 417 F.3d 1030 (9th Cir. 2005), *as amended by order*, 447 F.3d 1165 (9th Cir. 2006). In *Gaston*, this court held:

> In light of its citations to *Swain* and *Duvall*, we read the California Supreme Court's denial of Gaston's

sixth habeas application as, in effect, the grant of a demurrer, *i.e.*, a holding that Gaston had not pled facts with sufficient particularity. While Gaston's sixth application was thus procedurally deficient under California law, it was not improperly filed within the meaning of § 2244(d)(2). There is no indication that the application was time-barred . . . . Thus, because Gaston's sixth state application's delivery and acceptance was in compliance with the applicable laws and rules governing filings, it was "properly filed" despite being procedurally flawed, and therefore may properly be used for purposes of § 2244(d)(2) tolling.

417 F.3d at 1039 (citations, internal quotation marks, and alterations omitted). Even before *Gaston*, this court had determined that *Swain* meant merely dismissal without prejudice, with leave to amend to plead required facts with particularity. *King v. Roe*, 340 F.3d 821 (9th Cir. 2003) (per curiam). In *King*, this court held that *Swain* and *Duvall* were both cases that "require that one must allege with sufficient particularity the facts warranting habeas relief and allow amendment to comply." *Id.* at 823. *King* further explained that a citation to *Swain* means denial "without prejudice" to re-plead.[5] *Id. King* did not find that the California Supreme Court's citations to these two cases barred the petitioner's state habeas claim as untimely and instead addressed whether the petitioner's subsequent habeas petitions constituted a new round of state petitions. *Id.*

The interpretation in *King* is consistent with the definition of "properly filed" in *Artuz* because, while the claims contained in Cross's habeas petition may be otherwise procedur-

---

[5]If the demurrer were granted on grounds of the statute of limitations, or another time limit to commencement of action, no re-pleading would be allowed; the demurrer would have been granted "with prejudice." *See E-Fab, Inc. v. Accountants, Inc. Servs.*, 64 Cal. Rptr. 3d 9 (Ct. App. 2007).

ally deficient, the habeas petition itself was properly filed. "*Swain* is cited by the California Supreme Court to indicate that claims have not been alleged with sufficient particularity. That deficiency, when it exists, can be cured in a renewed petition." *Kim v. Villalobos*, 799 F.2d 1317, 1319 (9th Cir. 1986) (reversing a district court's dismissal of a habeas petition for failure to exhaust state remedies; remanding to the district court). This description is also consistent with the holding of *Swain*, in which the court granted the petitioner leave to amend his habeas application. If the California Supreme Court had determined the habeas application in *Swain* to be untimely or improperly filed, it would not have granted leave to amend. *See E-Fab*, 64 Cal. Rptr. 3d 9.

The district court in the present case determined that because *Swain* is referred to as an "untimeliness" bar, a citation to *Swain* must mean that the habeas petition itself is untimely. However, the case that the district court cites to support this contention did not find the habeas petition at issue to be untimely. *See Washington v. Cambra*, 208 F.3d 832, 833 (9th Cir. 2000). While *Washington* referred to *Swain* as the "untimeliness" bar, the case analyzed whether the California Supreme Court's citations to *Swain* and *Ex parte Dixon*, 264 P.2d 513, 515 (Cal. 1953),[6] provided "adequate and independent" grounds for the California Supreme Court's denial of a habeas petition. *Washington*, 208 F.3d at 834. Once this court in *Washington* had determined that *Dixon* failed to provide an independent state law basis for denial of a habeas petition, *Washington* did not further analyze the meaning of the California Supreme Court's citation to *Swain*. *Id*.

[5] Further, the cases that the State contends treat *Swain* as an untimeliness bar do not treat a citation to *Swain* by itself

---

[6]*Dixon* held that "[i]n the absence of special circumstances . . . the writ will not lie where the claimed errors could have been, but were not, raised upon a timely appeal from a judgment of conviction." 264 P.2d at 514.

as conclusive proof of untimeliness, but instead look to see if the claims brought in a habeas petition are unduly delayed, if the habeas petition adequately justifies any delay in raising these claims, or if there are independent and adequate state law grounds that bar federal review. *See In Re Saunders*, 981 P.2d 1038, 1042 (Cal. 1999) (briefly referring to *Swain* as a timeliness bar, but ultimately holding a challenge to a death sentence timely under a different standard); *Chaffer v. Prosper*, 592 F.3d 1046, 1048 (9th Cir. 2010) (per curiam) (holding that habeas petitions that were delayed more than 100 days and included no justification for the delay were untimely); *La Crosse v. Kernan*, 244 F.3d 702, 704-05 (9th Cir. 2001) (holding that a state court's citations to *Swain* and *Dixon* did not constitute independent and adequate state law grounds that could bar federal review of a habeas petition); *Thompson v. Calderon*, 122 F.3d 28, 29 (9th Cir. 1997) (order) (holding that a claim in a habeas petition was substantially delayed without good cause). In none of these cases did the state court's citation to *Swain* by itself mean that a habeas application was untimely filed. Thus, the State's assertion that *Swain* is an automatic untimeliness bar is inaccurate. Instead, *King*, *Gaston*, and *Kim*'s interpretations of a citation to *Swain* correctly treat it as a grant of a demurrer,[7] rendering the habeas petition procedurally deficient yet properly filed under California law.

## B. Cross's federal habeas petition is timely when statutory tolling is applied.

**[6]** AEDPA's statute of limitations is tolled while a properly filed state habeas petition is pending, which is until it has

---

[7]We refer to a demurrer that requires more specific facts be pleaded, not to a demurrer based on the statute of limitations. *See* Cal. Code Civ. Proc. § 430.10(e) ("The party against whom a complaint or cross-complaint has been filed may object, by demurrer . . . to the pleading on any one or more of the following grounds . . . [that t]he pleading does not state facts sufficient to constitute a cause of action.").

reached a "final resolution" in state court. *Carey*, 536 U.S. at 220. The denial of a habeas petition by the California Supreme Court is final upon filing of the decision. Cal. Rule of Court 8.532; *see also Phelps v. Alameida*, 569 F.3d 1120, 1125 (9th Cir. 2009) (discussing the rule amendment in 2002 to make the denial of such a petition final on filing).

**[7]** A petitioner may be entitled to statutory tolling for more than one separate round of state habeas petitions. *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010); *Smith v. Duncan*, 297 F.3d 809, 814-15 (9th Cir. 2002), *overruled on other grounds by Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *accord Lovasz v. Vaughn*, 134 F.3d 146, 148 (3d Cir. 1998); *cf. Saffold*, 536 U.S. at 220-22; *Welch v. Carey*, 350 F.3d 1079, 1083 (9th Cir. 2003) (en banc). Even if a petitioner is entitled to statutory tolling for more than one round of state petitions, he still must file his federal petition within the one-year statute of limitations under AEDPA, excluding the tolled time.

In addition, statutory tolling applies to "intervals between a lower court decision and a filing of a new petition in a higher court . . . ." *Carey*, 536 U.S. at 223. A petitioner is thus entitled to statutory tolling "not only for the time that his petitions were actually under consideration, but also for the intervals *between filings*, while he worked his way up the ladder," *Biggs*, 339 F.3d 1045, 1048 (9th Cir. 2003) (emphasis added) (citing *Carey*, 536 U.S. at 223), so long as those filings are timely, *Carey*, 536 U.S. at 225. As discussed above, in California, a filing is timely if filed within a "reasonable" amount of time, usually within 30 or 45 days. *Id.* at 222-23.

The statute of limitations is not tolled from the time when a direct state appeal becomes final to the time when the first state habeas petition is filed because there is nothing "pending" during that interval. *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). Petitioners are not entitled to statutory tolling

between rounds of state habeas petitions. *Biggs*, 339 F.3d at 1048.

**[8]** Cross's federal habeas corpus petition is timely when statutory tolling is correctly applied to his state habeas corpus petitions. First, 106 days elapsed between the date the state conviction became final (April 12, 2005) and the date Cross filed his first state habeas petition with the Alameda County Superior Court (July 27, 2005). During Cross's first round of habeas petitions, each petition was timely filed because all of the intervals between Cross's filings were reasonable under *Carey*. Thirty-six days elapsed between the denial of Cross's petition in the superior court and the filing of his petition in the California Court of Appeal, and 15 days elapsed between the denial of his petition in the California Court of Appeal and the filing of his petition with the California Supreme Court. Therefore, Cross was entitled to statutory tolling while his first round of state habeas petitions was pending, and no time expired under AEDPA.

**[9]** Then, 188 days elapsed between the final denial of his first state habeas "round" (July 19, 2006) and his commencement of his second "round" of state habeas petitions (January 23, 2007). During Cross's second round of state habeas petitions, each petition was timely as each of the three intervals between filings was reasonable: those intervals were, respectively, 35 days, 26 days, and 12 days. These petitions were denied first because Cross filed in the wrong court and then because Cross failed to state a prima facie claim for relief; no court stated that the petitions were denied as untimely. Therefore, Cross's petitions were "properly filed" and Cross was entitled to statutory tolling for the remainder of the time when his second round of state habeas petitions was pending. *See Artuz*, 531 U.S. at 8.

After Cross's second round of habeas petitions was completed (June 20, 2007), 41 days elapsed before Cross filed his federal habeas petition in district court (July 31, 2007).

**[10]** The periods during which AEDPA's statute of limitations ran therefore consist of the 106 days between when Cross's direct appeal became final and his first state habeas application was filed, the 188 days between Cross's two rounds of state habeas petitions, and the 41 days between the completion of Cross's state petitions and the filing of his federal habeas petition. These intervals add up to a total of 335 days, which is less than the one-year statute of limitations. Thus, Cross's federal habeas petition was timely filed.[8]

## IV.  Conclusion

For the foregoing reasons, the district court's judgment is vacated. We remand Cross's habeas petition to the district court and instruct the district court to consider his petition on the merits.

**VACATED AND REMANDED.**

---

[8]Because we hold that Cross is entitled to statutory tolling during his two rounds of state habeas petitions, we need not and do not address whether Cross is entitled to equitable tolling at any point during the pendency of his petitions.