**NOT FOR PUBLICATION**

FILED

JUL 25 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN FLORES, JR., | No. 10-55788 |
| Petitioner - Appellant, | D.C. No. 8:09-CV-01447-DMG-JEM |
| v. | |
| MATTHEW L. CATE, Secretary of the California Department of Corrections and Rehabilitation, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Argued and Submitted July 10, 2013
Pasadena, California

Before: GRABER, RAWLINSON, and WATFORD, Circuit Judges.

Petitioner appeals the district court's dismissal, as untimely, of his petition

for a writ of habeas corpus under 28 U.S.C. § 2254. Reviewing de novo, Noble v.

Adams, 676 F.3d 1180, 1181 (9th Cir. 2012), we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Petitioner's underlying conviction became final on June 10, 2008, ninety days after the California Supreme Court denied review. Without tolling, the one-year limitation period provided by 28 U.S.C. § 2244(d)(1) would have expired on June 10, 2009. Petitioner filed his federal habeas petition on December 3, 2009.

1. The statutory toll provided by 28 U.S.C. § 2244(d)(2) applies only if the petitioner "properly filed" an application for collateral review in state court. A state habeas petition is not "properly filed" for these purposes if the state court ruled that the petition was untimely as a matter of state law. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005).

Here, the California Superior Court held that Petitioner's state habeas petition was untimely. The California Court of Appeal denied his petition without explanation or citation. The California Supreme Court denied the petition for review without explanation but with several citations, including one to In re Swain, 209 P.2d 793, 796 (Cal. 1949).

A citation to Swain may indicate that a state habeas petition is untimely under California law. Chaffer v. Prosper, 592 F.3d 1046, 1048 (9th Cir. 2010) (per curiam); La Crosse v. Kernan, 244 F.3d 702, 704 & n.10 (9th Cir. 2001). We have held that "a citation to Swain by itself [is not] conclusive proof of untimeliness" and that a "citation to Swain by itself [does not] mean that a habeas application was

2

untimely filed." Cross v. Sisto, 676 F.3d 1172, 1178 (9th Cir. 2012). But, although a citation to Swain does not conclusively prove untimeliness, neither does it conclusively prove a different ground of decision. Here, the California Supreme Court's citation to Swain does not stand "by itself." To the contrary, it must be viewed in light of the Superior Court's reasoned determination that the petition was untimely as a matter of state law. Petitioner has not shown that the California Supreme Court's decision rested on a different ground.

Neither Cross nor Trigueros v. Adams, 658 F.3d 983, 990 (9th Cir. 2011), requires a different result. In Cross, the California Superior Court had denied the petition for failure to state a prima facie case for relief, and the California Supreme Court had denied the petition without comment but with a citation to Swain. Cross, 676 F.3d at 1174–75. We held that, in that context, the California Supreme Court's citation to Swain reflected the grant of a demurrer instead of a decision respecting timeliness. Id. at 1178. In Trigueros, the Superior Court had denied the petition as untimely and on the merits. The California Supreme Court had denied it without explanation or citation. Trigueros, 658 F.3d at 986. Because the California Supreme Court had requested informal briefing on the merits despite the Superior Court's finding of untimeliness, we held that its denial had impliedly

3

overruled the lower court's timeliness decision and had decided the petition on the merits.  Id. at 990–91.

Here, by contrast, the Superior Court found the petition untimely, and the proceedings before the California Supreme Court were consistent with that ground for denial.  Under these circumstances, the § 2244(d)(2) statutory toll does not apply.  Bonner v. Carey, 425 F.3d 1145, 1147 (9th Cir. 2005).

2.  We need not, and do not, decide whether equitable tolling applied between June 10, 2008, and July 16, 2008, when Petitioner received his case file. Even if it did apply, that 36-day toll would not render the petition timely because Petitioner filed his petition after July 16, 2009.

**AFFIRMED.**

WATFORD, Circuit Judge, dissenting:

I disagree with the majority that the California Supreme Court's citation to *Swain* indicates that it considered Flores's state habeas petitions untimely. A *Swain* citation does not generally indicate untimeliness. *See Cross v. Sisto*, 676 F.3d 1172, 1178 (9th Cir. 2012). California courts instead "cit[e] the controlling decisions, *i.e.*, *Clark* and *Robbins*" to signal untimeliness. *Walker v. Martin*, 131 S. Ct. 1120, 1124 (2011). When California courts cite *Swain* and *Duvall* together, as the California Supreme Court did here, that suggests a different procedural bar applies: failure to allege facts with sufficient particularity. *See Stancle v. Clay*, 692 F.3d 948, 958 (9th Cir. 2012); *Cross*, 676 F.3d at 1176–77; *Gaston v. Palmer*, 417 F.3d 1030, 1038–39 (9th Cir. 2005), *as amended by order*, 447 F.3d 1165 (9th Cir. 2006).

Our decision in *Trigueros v. Adams*, 658 F.3d 983 (9th Cir. 2011), controls the outcome of this case. There, we inferred that the California Supreme Court had overruled a lower court's untimeliness finding based on a request for informal briefing on the merits and a subsequent summary denial without citations. *Id.* at 990. Here, the same inference is at least as strong. The superior court dismissed Flores's petition on the basis of untimeliness (citing *Clark*) as well as two other procedural bars. The California Supreme Court did not simply deny Flores's

petition without citations, which would have required us to infer that the petition was denied on the same grounds relied on by the superior court. *See Bonner v. Carey*, 425 F.3d 1145, 1148 & n.13 (9th Cir. 2005), *as amended by order*, 439 F.3d 993 (9th Cir. 2006). Instead, the California Supreme Court went out of its way, through the use of citations, to adopt the two procedural bars cited by the superior court that did not involve untimeliness, added a third procedural bar of its own, and then conspicuously omitted any citation to *Clark* or *Robbins*. Under these circumstances, I would infer that the California Supreme Court impliedly overruled the superior court's untimeliness finding.

2