MEMORANDUM *
Petitioner appeals the district court’s dismissal, as untimely, of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. Reviewing de novo, Noble v. Adams, 676 F.3d 1180, 1181 (9th Cir.2012), we affirm.
Petitioner’s underlying conviction became final on June 10, 2008, ninety days after the California Supreme Court denied review. Without tolling, the one-year limitation period provided by 28 U.S.C. § 2244(d)(1) would have expired on June 10, 2009. Petitioner filed his federal habe-as petition on December 3, 2009.
1. The statutory toll provided by 28 U.S.C. § 2244(d)(2) applies only if the petitioner “properly filed” an application for collateral review in state court. A state habeas petition is not “properly filed” for these purposes if the state court ruled that the petition was untimely as a matter of state law. Pace v. DiGuglielmo, 544 U.S. 408, 417, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005).
Here, the California Superior Court held that Petitioner’s state habeas petition was untimely. The California Court of Appeal denied his petition without explanation or citation. The California Supreme Court denied the petition for review without explanation but with several citations, including one to In re Swain, 34 Cal.2d 300, 209 P.2d 793, 796 (1949).
A citation to Swain may indicate that a state habeas petition is untimely under California law. Chaffer v. Prosper, 592 F.3d 1046, 1048 (9th Cir.2010) (per curiam); La Crosse v. Kernan, 244 F.3d 702, 704 & n. 10 (9th Cir.2001). We have held that “a citation to Swain by itself [is not] conclusive proof of untimeliness” and that a “citation to Swain by itself [does not] mean that a habeas application was untimely filed.” Cross v. Sisto, 676 F.3d 1172, 1178 (9th Cir.2012). But, although a citation to Swain does not conclusively prove untimeliness, neither does it conclusively prove a different ground of decision. Here, the California Supreme Court’s cita *643 tion to Swain does not stand “by itself.” To the contrary, it must be viewed in light of the Superior Court’s reasoned determination that the petition was untimely as a matter of state law. Petitioner has not shown that the California Supreme Court’s decision rested on a different ground.
Neither Cross nor Trigueros v. Adams, 658 F.3d 983, 990 (9th Cir.2011), requires a different result. In Cross, the California Superior Court had denied the petition for failure to state a prima facie case for relief, and the California Supreme Court had denied the petition without comment but with a citation to Swain. Cross, 676 F.3d at 1174-75. We held that, in that context, the California Supreme Court’s citation to Swain reflected the grant of a demurrer instead of a decision respecting timeliness. Id. at 1178. In Trigueros, the Superior Court had denied the petition as untimely and on the merits. The California Supreme Court had denied it without explanation or citation. Trigueros, 658 F.3d at 986. Because the California Supreme Court had requested informal briefing on the merits despite the Superior Court’s finding of untimeliness, we held that its denial had impliedly overruled the lower court’s timeliness decision and had decided the petition on the merits. Id. at 990-91.
Here, by contrast, the Superior Court found the petition untimely, and the proceedings before the California Supreme Court were consistent with that ground for denial. Under these circumstances, the § 2244(d)(2) statutory toll does not apply. Bonner v. Carey, 425 F.3d 1145, 1147 (9th Cir.2005).
2. We need not, and do not, decide whether equitable tolling applied between June 10, 2008, and July 16, 2008, when Petitioner received his case file. Even if it did apply, that 36-day toll would not render the petition timely because Petitioner filed his petition after July 16, 2009.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.