WATFORD, Circuit Judge,
dissenting:
I disagree with the majority that the California Supreme Court’s citation to Swain indicates that it considered Flores’s state habeas petitions untimely. A Swain citation does not generally indicate untimeliness. See Cross v. Sisto, 676 F.3d 1172, 1178 (9th Cir.2012). California courts instead “cit[e] the controlling decisions, i.e., [In re] Clark [, 5 Cal.4th 750, 21 Cal.Rptr.2d 509, 855 P.2d 729 (1993) ] and [In re ] Robbins [, 18 Cal.4th 770, 77 Cal.Rptr.2d 153, 959 P.2d 311 (1998)]” to signal untimeliness. Walker v. Martin, - U.S. -, 131 S.Ct. 1120, 1124, 179 L.Ed.2d 62 (2011). When California courts cite Swain and Duvall together, as the California Supreme Court did here, that suggests a different procedural bar applies: failure to allege facts with sufficient particularity. See Stancle v. Clay, 692 F.3d 948, 958 (9th Cir.2012); Cross, 676 F.3d at 1176-77; Gaston v. Palmer, 417 F.3d 1030, 1038-39 (9th Cir.2005), as amended by order, 447 F.3d 1165 (9th Cir.2006).
Our decision in Trigueros v. Adams, 658 F.3d 983 (9th Cir.2011), controls the outcome of this case. There, we inferred that the California Supreme Court had overruled a lower court’s untimeliness finding based on a request for informal briefing on the merits and a subsequent summary denial without citations. Id. at 990. Here, the same inference is at least as strong. The superior court dismissed Flores’s petition on the basis of untimeliness (citing Clark) as well as two other procedural bars. The California Supreme Court did not simply deny Flores’s petition without citations, which would have required us to infer that the petition was denied on the *644 same grounds relied on by the superior court. See Bonner v. Carey, 425 F.3d 1145, 1148 & n. 13 (9th Cir.2005), as amended by order, 439 F.3d 993 (9th Cir.2006). Instead, the California Supreme Court went out of its way, through the use of citations, to adopt the two procedural bars cited by the superior court that did not involve untimeliness, added a third procedural bar of its own, and then conspicuously omitted any citation to Clark or Robbins. Under these circumstances, I would infer that the California Supreme Court impliedly overruled the superior court’s untimeliness finding.