NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 16 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBIN LEE SHERWOOD, | No. 15-55659 |
| Petitioner-Appellant, | D.C. No. 5:11-cv-01728-CJC-PLA |
| v. | |
| STUART SHERMAN, Warden, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted March 6, 2018
Pasadena, California

Before: GOULD and MURGUIA, Circuit Judges, and CHRISTENSEN,** Chief
District Judge.

Robin Lee Sherwood appeals the district court's denial of his petition for

writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. In 2006, in the middle of

his criminal jury trial, Sherwood pleaded guilty to all charges against him,

___

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Dana L. Christensen, Chief United States District Judge for the District of Montana, sitting by designation.

including the murder of Allen Allison and the special circumstances allegation that made him eligible for life without the possibility of parole. In his present appeal, Sherwood claims (1) that his mental illness rendered his guilty plea not knowing and voluntary, and (2) that his trial counsel was ineffective for failing to investigate Sherwood's competence to enter the plea. We have jurisdiction pursuant to 28 U.S.C. § 2253. We reverse and remand.

1. Sherwood's claim that mental illness rendered his guilty plea not knowing and voluntary was not fully and fairly presented to the state court and is therefore unexhausted. *Scott v. Schriro*, 567 F.3d 573, 582 (9th Cir. 2009) (per curiam). None of the claims raised in Sherwood's state habeas petition alerted the state court to both the factual and legal basis for this claim. *See id.*; *see also, e.g.*, *Castillo v. McFadden*, 399 F.3d 993, 1002–03 (9th Cir. 2005) ("Referring to the Fourteenth Amendment in relation to these other claims does not exhaust his separate assertion that the trial court violated his federal due process rights by admitting the videotape."); *Fields v. Waddington*, 401 F.3d 1018, 1021 (9th Cir. 2005) ("In order to alert the state court, a petitioner must make reference to provisions of the federal Constitution or must cite either federal or state case law that engages in a federal constitutional analysis."). The fact that Grounds One and Two in Sherwood's state habeas petition bear similarity to the claim argued on appeal is not a valid basis for finding exhaustion where neither claim stated the

2

core constitutional violation now alleged. *See Johnson v. Zenon*, 88 F.3d 828, 829–30 (9th Cir. 1996) (discussing *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995) (per curiam)); *cf. Medley v. Runnels*, 506 F.3d 857, 863 (9th Cir. 2007) (en banc) (concluding petitioner had exhausted where arguments made were not identical but the core constitutional issue was the same). Accordingly, we dismiss Sherwood's claim that his plea was rendered not knowing and voluntary due to mental illness as unexhausted.

Although ordinarily the presence of an unexhausted claim would require dismissal of the petition in its entirety, *Rose v. Lundy*, 455 U.S. 509, 522 (1982), we note that the precise issue certified for appeal by this Court does not appear in Sherwood's federal habeas petition filed with the district court. Because the issues actually raised in Sherwood's federal petition were all exhausted before the state courts, dismissal of the petition in its entirety is not warranted. *See id.* ("[A] district court must dismiss habeas petitions containing both unexhausted and exhausted claims.").

2. We reverse the district court's conclusion that Sherwood is not entitled to an evidentiary hearing on his ineffective assistance of counsel claim. Sherwood has asserted a colorable claim that his trial counsel, Michael Belter, rendered deficient performance in failing to investigate Sherwood's mental competence. *See Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). Because the California

3

Supreme Court did not reach the merits of Sherwood's ineffective assistance of counsel claim, our review of this claim is de novo.[1] *See Cone v. Bell*, 556 U.S. 449, 472 (2009).

In order to succeed on an ineffective assistance of counsel claim, Sherwood must show (1) that his trial counsel's performance was deficient to the point that it fell outside the range of professionally competent assistance, and (2) that Sherwood was prejudiced by the deficient performance. *Strickland*, 466 U.S. at 687.

Regarding the first prong of *Strickland*'s test, there is evidence in the record to suggest that Belter's failure to investigate Sherwood's psychiatric problems constituted deficient performance. "Trial counsel has a duty to investigate a defendant's mental state if there is evidence to suggest that the defendant is impaired." *Douglas v. Woodford*, 316 F.3d 1079, 1085 (9th Cir. 2003). At the time

---

[1] We reject Respondent's argument that the California Supreme Court denied Sherwood's May 23, 2011 habeas petition on the merits. On October 19, 2011, the California Supreme Court summarily denied Sherwood's petition, citing only to *People v. Duvall*, 9 Cal. 4th 464, 474 (1995), and *In re Swain*, 34 Cal. 2d 300, 304 (1949). This Court has consistently found that citation to *Duvall* and *Swain* stand for the proposition that the petitioner's habeas petition was deficiently pled, which is a procedural defect. *See, e.g., Curiel v. Miller*, 830 F.3d 864, 870–71 (9th Cir. 2016); *Cross v. Sisto*, 676 F.3d 1172, 1177 (9th Cir. 2012); *Gaston v. Palmer*, 417 F.3d 1030, 1039 (9th Cir. 2005), *reh'g granted, opinion modified*, 447 F.3d 1165 (9th Cir. 2006). Claims that were not adjudicated on the merits by the state court, however, do not warrant deference and are reviewed de novo. *Cone*, 556 U.S. at 472.

4

of trial, evidence available to Belter showed Sherwood reported having psychological and mental health issues, including anger, paranoia, and sleep issues at the West Valley Detention Center ("West Valley"), and that Sherwood had been diagnosed with Schizoaffective Disorder, Depression with Psychotic Features, and Psychosis Not Otherwise Specified. Jail records further show that Sherwood had been treated with psychotropic, anti-psychotic, anti-depressant, and stabilizing medications in the time leading up to trial and after, and that West Valley placed Sherwood on suicide watch on five separate instances, once following an apparent suicide attempt. In addition to the readily available medical records, the record suggests that Belter was aware of several events leading up to trial, which Sherwood claims triggered his mental health problems, including the violent assault on Sherwood by another inmate, which led to subsequent medical treatment and a civil lawsuit, and the arrest of Sherwood's father at a pretrial hearing. Similarly, Belter was aware of Sherwood's prior drug use and drug-related convictions.

This evidence was sufficient to trigger a duty on the part of Belter to investigate Sherwood's mental state. *See Douglas*, 316 F.3d at 1085. That Belter may not have had actual knowledge of Sherwood's psychological impairment is of no moment where, as here, the evidence of such was readily available to Belter. *See id.* at 1085–86 (failure to investigate mental health was deficient where "there

was a significant alternative source of information that was readily discoverable," in the form of a psychological examination showing serious mental illness); *Evans v. Lewis*, 855 F.2d 631, 636 (9th Cir. 1988) (finding deficient performance where "[d]ocuments available to Evans' attorney prior to the first sentencing hearing plainly indicate that Evans had a history of mental problems . . . ," even though there was no indication that the attorney ever saw those documents); *see also Seidel v. Merkle*, 146 F.3d 750, 755–56 (9th Cir. 1998) (finding deficient performance based on available evidence, including jail records, and evidence actually known to counsel). The fact that Sherwood appeared lucid and mentally competent does not relieve counsel of the duty to perform reasonable investigation. *See Odle v. Woodford*, 238 F.3d 1084, 1088 (9th Cir. 2001) (rejecting the argument that "evidence of mental impairment [was] irrelevant because Odle appeared calm in the courtroom," noting that "[s]ome forms of incompetence manifest themselves through erratic behavior, others do not"); *cf. Deere v. Cullen*, 718 F.3d 1124, 1126 n.13 (9th Cir. 2013).

Turning to the second prong under *Strickland*'s test, Sherwood has also shown a reasonable probability that he was prejudiced by Belter's failure to investigate Sherwood's competency. To prove prejudice, Sherwood "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Evans*, 855 F.2d at 636

(quoting *Strickland*, 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* (internal quotation marks and citation omitted). Given the ample record evidence of mental impairment, had Belter sought a psychological evaluation, there is a reasonable probability that the evaluation would have called into question Sherwood's competency.

In fact, in connection with the proceedings before the district court, psychologist Dr. Nathan Lavid looked at the time period of January 2004 through November 2006, and opined that "Mr. Sherwood was suffering from severe mental illness that rendered him incompetent to stand trial and plead guilty." The district court erred in rejecting Dr. Lavid's report on the ground that it post-dates Sherwood's trial. The report was based wholly on evidence that was readily available to Belter at the time of trial, including jail medical records and an interview with Sherwood regarding his personal and family history. *See McMurtrey v. Ryan*, 539 F.3d 1112, 1131 (9th Cir. 2008) ("[M]edical reports contemporaneous to the time of the initial hearing greatly increase the chance for an accurate retrospective evaluation of a defendant's competence." (citation omitted)); *cf. Deere*, 718 F.3d at 1126 (concluding that petitioner had not proven prejudice where there was "literally no contemporaneous evidence that Deere lacked the capacity to understand his options and to make a rational decision to accept responsibility for what he did.").

7

In sum, the district court erred in concluding that there was no evidence in the record to support the conclusion that Sherwood was mentally impaired at the time of trial. Moreover, because Sherwood stated a colorable claim for ineffective assistance of counsel, the district court further erred in denying Sherwood's petition without first holding an evidentiary hearing. *See Earp v. Ornoski*, 431 F.3d 1158, 1166–67 (9th Cir. 2005).

Although Sherwood has requested relief in the form of an evidentiary hearing, we note that a hearing is not required on issues that can be resolved by reference to the record. *Totten v. Merkle*, 137 F.3d 1172, 1175–76 (9th Cir. 1998). On remand the district court shall determine whether there are either disputed issues of fact or issues requiring further factual development, such that an evidentiary hearing would be necessary. *See Earp*, 431 F.3d at 1166–67. To the extent the district court determines that there are no outstanding factual issues, it shall grant the petition based on the evidence discussed herein.

**REVERSED and REMANDED.**