NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ANGEL CARBAJAL,

        Petitioner-Appellant,

v.

ROBERT NEUSCHMID, Warden,

        Respondent-Appellee.

No.   17-17443

D.C. No. 2:15-cv-01127-JKS

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
James K. Singleton, District Judge, Presiding

Argued and Submitted September 9, 2019
San Francisco, California

Before: GOULD, BEA, and FRIEDLAND, Circuit Judges.

Angel Carbajal, a state prisoner, appeals the district court's dismissal of his

28 U.S.C. § 2254 habeas corpus petition challenging his state conviction on one

count of making a criminal threat. Carbajal argues the trial court improperly joined

that count with two unrelated counts and that he was prejudiced by the joinder.

---

      [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Carbajal petitioned for habeas relief to the California Supreme Court, which summarily denied the petition in a single-line order with citation to two cases. *People v. Carbajal*, No. C073292, 2014 WL 660141, at *1 (Cal. Ct. App. Feb. 21, 2014) ("The petition for writ of habeas corpus is denied. (See *People v. Duvall* (1995) 9 Cal. 4th 464, 474; *In re Swain* (1949) 34 Cal. 2d 300, 304.)"). We read the citations to *Swain* and *Duvall* to mean the California Supreme Court denied Carbajal's habeas application on a procedural ground—because he had not pleaded facts with sufficient particularity—and did not render a decision on the merits. *Cross v. Sisto*, 676 F.3d 1172, 1177 (9th Cir. 2012); *Seeboth v. Allenby*, 789 F.3d 1099, 1104, n.3 (9th Cir. 2015). "Where, as here, there is no state court decision on the merits, the district court reviews the merits *de novo*." *Scott v. Ryan*, 686 F.3d 1130, 1133 (9th Cir. 2013).

Carbajal contends the state violated his due process rights at his second trial by consolidating counts related to two different, though similar, incidents. Carbajal argues the state consolidated two weak cases to make a stronger case. Carbajal notes the state presented the same evidence regarding the count of conviction at both trials, but the first jury deadlocked on that count while the second jury found him guilty. Carbajal argues the only difference between the trials was the consolidation at the second trial of two additional counts for an

2

unrelated incident. As to those two additional counts, the jury in the second trial found Carbajal not guilty of one and deadlocked on the other.

The court may grant habeas relief for improper consolidation "only 'if the joinder resulted in an unfair trial. There is no prejudicial constitutional violation unless simultaneous trial of more than one offense . . . actually render[ed] petitioner's state trial fundamentally unfair and hence, violative of due process.'" *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004) (quoting *Sandoval v. Calderon*, 241 F.3d 765, 771–72 (9th Cir. 2001)) (alteration in original). Unfairness rises to the level of a due process violation only "if the impermissible joinder had a substantial and injurious effect or influence in determining the jury's verdict." *Id*. (quoting *Sandoval*, 241 F.3d at 772).

In evaluating prejudice, the court considers several factors to determine whether the jury properly compartmentalized the evidence rather than considered it cumulatively. *Bean v. Calderon*, 163 F.3d 1073, 1085 (9th Cir. 1998). These factors include whether each crime was simple and distinct, cross-admissibility, similarity of the cases, strength of the evidence, relative strengths of the joined cases, jury instructions to consider the evidence of each count separately from the evidence of the other counts, and a verdict indicating the jury was able to compartmentalize—such as, in particular, an acquittal on the counts alleged to be

3

prejudicial. *See id.*; *Sandoval*, 241 F.3d at 772; *Davis*, 384 F.3d at 638–39; *United States v. Johnson*, 820 F.2d 1065, 1069–70 (9th Cir. 1987); *Featherstone v. Estelle*, 948 F.2d 1497, 1503–04 (9th Cir. 1991); *Park v. California*, 202 F.3d 1146, 1149–50 (9th Cir. 2000). "[T]he failure of the jury to convict on all counts is 'the best evidence of the jury's ability to compartmentalize the evidence'" and assess the evidence related to another charge separately. *Park*, 202 F.3d at 1150 (quoting *United States v. Baker*, 10 F.3d 1374, 1387 (9th Cir.1993)); *Featherstone*, 948 F.2d at 1503–04; *see Bean*, 163 F.3d at 1085–86 ("[N]o such acquittal offered affirmative evidence of the jury's ability to assess the [] evidence separately.").

Here, the acquittal on one joined charge and a failure to convict on the other joined charge suggests that the jury was able to assess the evidence related to the charges separately, and thus that there was no prejudice from joinder. Carbajal threatened a neighbor, and allegedly his brother on a different date in a different location, with a knife while yelling at each man that the man had killed Carbajal's daughter. The jury convicted him only of the single count related to his neighbor. On the two counts involving his brother that form the basis of Carbajal's claim of prejudice, the jury found him not guilty of one and deadlocked on the second. The jury's failure to convict is the best evidence of both its ability to compartmentalize and that Carbajal was not prejudiced by the consolidation. *Park*, 202 F.3d at 1150.

4

Though the judge did not give a limiting instruction and the prosecutor urged the jury to consider both of the similar incidents, the alleged crimes were simple and distinct from one another as to time, place, and victim. Additionally, evidence for the count on which Carbajal was convicted was much stronger, with a lucid victim who called the police at the time the incident was happening. The jury's failure to convict Carbajal on either count related to his brother establishes that the jury was able to compartmentalize and consider the evidence of each count separately from the other counts and that Carbajal was not prejudiced by joinder. *Id*.

**AFFIRMED.**