**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ENRIQUE TRIGUEROS,
  *Petitioner-Appellant,*

v.

DERRAL G. ADAMS,
  *Respondent-Appellee.*

No. 08-56484

D.C. No.
2:07-cv-04335-
ABC-FFM

OPINION

Appeal from the United States District Court
for the Central District of California
Audrey B. Collins, Chief District Judge, Presiding

Argued and Submitted
April 11, 2011—Pasadena, California

Filed September 14, 2011

Before: Dorothy W. Nelson, Jay S. Bybee, and
Milan D. Smith, Jr., Circuit Judges.

Opinion by Judge Milan D. Smith, Jr.

## COUNSEL

Lauren E. Eskenazi, Los Angeles, California, for petitioner Enrique Trigueros.

Richard S. Moskowitz, Deputy Attorney General, Los Angeles, California, for respondent Derral G. Adams, Warden.

## OPINION

M. SMITH, Circuit Judge:

Petitioner-Appellant Enrique Trigueros appeals the district court's dismissal of his habeas petition as untimely, and not subject to statutory tolling. Trigueros's petition challenges his jury conviction in California state court for murder and attempted murder, for which he was sentenced to multiple consecutive terms of twenty-five years to life, and life. He filed his habeas petition in the California Superior Court in October 2005, approximately two-and-a-half years after his claims of ineffective assistance of counsel at trial were known to him and approximately eleven months after his conviction became final. The Superior Court determined that his petition was untimely, and the Court of Appeal summarily denied his petition on review. On review, the California Supreme Court requested informal briefing and subsequently denied Trigueros's petition. The federal district court, concluding that the last reasoned decision was that of the Superior Court, ruled that Trigueros's federal petition, filed in July 2007, was not statutorily tolled, and therefore was untimely under the Antiterrorism and Effective Death Penalty Act of 1996's (AEDPA) one-year statute of limitations. We reverse and

remand, holding that the California Supreme Court's request for informal briefing from the State of California (State) on Trigueros's habeas petition led to the California Supreme Court making a finding of timeliness, and deciding Trigueros's habeas petition on the merits.

## FACTS AND PRIOR PROCEEDINGS

On December 13, 2002, a California jury convicted Trigueros and a co-defendant of murdering Humberto Hernandez, and of the attempted willful, deliberate, and premeditated murders of three others. The trial court sentenced Trigueros to fifty years to life for murder, and a life sentence with the possibility of parole for each of the three attempted murder convictions.

Trigueros gave timely notice of the direct appeal of his conviction on April 2, 2003, arguing ineffective assistance of counsel because trial counsel allegedly did not appropriately object to or retain an expert to dispute dog-scent evidence. The Court of Appeal affirmed the trial court's judgment, and on August 8, 2004, the California Supreme Court denied Trigueros's petition for review. Trigueros did not appeal to the United States Supreme Court.

On October 18, 2005, Trigueros filed a habeas petition in the Los Angeles County Superior Court. The Superior Court denied the petition on November 29, 2005. In relevant part, the court stated: "Petition[er] fails to justify a delay of 2½ years between his conviction and the filing of the petition for habeas corpus. (In re Clark (1993) 5 Cal. 4th 750, 765 & fn5)." The court's order also addressed and denied Trigueros's petition on the merits.

Trigueros filed a habeas petition with the Court of Appeal on February 2, 2006. On February 21, 2006, the Court of Appeal handed down a brief order stating: "The petition for writ of habeas corpus is denied." On April 21, 2006,

Trigueros filed his habeas petition with the California Supreme Court. On January 8, 2007, the California Supreme Court requested "an informal response on the merits" from the State. The State filed an informal response, arguing in part that Trigueros's claims were procedurally barred on timeliness grounds. On June 13, 2007, the California Supreme Court denied Trigueros's petition, stating: "The petition for writ of habeas corpus is denied."

On July 3, 2007, Trigueros, proceeding pro se, filed a federal habeas petition in the Central District of California. The government moved to dismiss the petition as untimely, and Trigueros filed a "traverse" in response. On August 5, 2008, the district court adopted the Magistrate Judge's Report and Recommendation, finding that Trigueros failed to satisfy AEDPA's one-year statute of limitations because the Superior Court had denied his October 2005 habeas petition as untimely under *Clark*. The Magistrate Judge found that the 2005 petition was improperly filed in California state court, and did not statutorily toll AEDPA's one-year statute of limitations, which expired on November 16, 2005. Trigueros timely appeals the district court's denial of his habeas petition.

## JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction under 28 U.S.C. § 1294(1). We review de novo a district court's dismissal of a habeas petition on timeliness grounds. *White v. Martel*, 601 F.3d 882, 883 (9th Cir.), *cert denied* 131 S. Ct. 332 (2010).

## DISCUSSION

### 1. Motion for Judicial Notice

Trigueros asks us to take judicial notice of documents from his state-court habeas petition, including his petition to the Superior Court, the California Supreme Court's letter to the

State requesting informal briefing, the briefing the parties submitted to the California Supreme Court, and the California courts' orders. The State argues that the motion for judicial notice should be denied because Trigueros, representing himself pro se, failed to lodge the state-court record with the district court, and in any event, the documents are irrelevant. We grant Trigueros's motion.[1]

**[1]** Generally, we consider only the district court record as developed before appeal. *Lowry v. Barnhart*, 329 F.3d 1019, 1024 (9th Cir. 2003). Nonetheless, we may take judicial notice on appeal. Fed. R. Evid. 201(f) ("Judicial notice may be taken at any stage of the proceeding."); *see also United States v. Camp*, 723 F.2d 741, 744 n.** (9th Cir. 1984). We retain discretion to take judicial notice of documents "not subject to reasonable dispute." Fed. R. Evid. 201(b). In particular, we "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992); *see also Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (taking judicial notice of the "relevant state court documents, because those documents have a direct relationship to [petitioner's habeas] appeal"), *abrogation on other grounds recognized by Moreno v. Harrison*, 245 Fed. Appx. 606 (9th Cir. 2007).

**[2]** Here, Trigueros submitted documents on appeal from the proceedings before the California courts that are "directly related" to the timeliness of his state habeas petitions. The Superior Court stated that Trigueros's petition was untimely, and the Court of Appeal denied his subsequent petition. Then, prior to denying Trigueros's petition, the California Supreme

---

[1]We note that the Superior Court's and California Supreme Court's orders were submitted to the district court as part of the State's motion to dismiss. These documents are appropriately designated excerpts of record. Fed. R. App. P. 10(a); Ninth Cir. R. 10-2(b).

Court requested briefing from the State on the merits of his petition, and the State briefed the timing issue, to which Trigueros replied in his briefing. In short, Trigueros seeks judicial notice of documents directly related to the timeliness of his habeas filings. Accordingly, we take judicial notice of these documents in determining whether Trigueros's federal habeas petition was statutorily tolled.

## II. Statutory Tolling

### A. Waiver

The State first argues that Trigueros waived his statutory tolling argument. Specifically, it contends that Trigueros did not raise his current theory of statutory tolling—that the California Supreme Court overruled the Superior Court's finding of untimeliness—before the district court. We disagree with the State's reading of the record, and conclude that Trigueros has sufficiently argued that his federal habeas petition was timely filed due to statutory tolling of AEDPA's one-year statute of limitations.

Ordinarily, arguments not raised before the district court are waived on appeal. *White*, 601 F.3d at 885. However, even if the petitioner did not present a statutory tolling argument to the district court, the petitioner may raise it on appeal under certain limited circumstances. *See Lott v. Mueller*, 304 F.3d 918, 925 (9th Cir. 2002) (holding that the petitioner could raise a statutory tolling argument for the first time on appeal because it was based on the same set of operative facts as his equitable tolling argument). In particular, if "the issue presented is purely one of law and the opposing party will suffer no prejudice as a result of the failure to raise the issue in the trial court," the petitioner may raise it for the first time on appeal. *Id.* (internal quotation marks omitted).

Here, Trigueros represented himself pro se when he filed his response to the government's timeliness challenge before

the district court. "Prisoner pro se pleadings are given the benefit of liberal construction." *Porter v. Ollison* 620 F.3d 952, 958 (9th Cir. 2010). In his self-styled "traverse," Trigueros argued before the district court that he had timely filed his petitions with the California courts, and that his federal petition was therefore timely tolled. He also argued the merits of the Superior Court's ruling on untimeliness. While he does not address the precise legal theory before us, the same set of operative facts are in play here, and he specifically contended before the district court that he was entitled to statutory tolling.

**[3]** Moreover, Trigueros's argument on appeal—that the California Supreme Court's order overruled the Superior Court's timeliness ruling—is primarily a question of law because the issue is the legal effect of the Supreme Court's order on the Superior Court's finding of untimeliness. There is also no showing that the State, which is well versed in the legal doctrines present in this appeal, will be prejudiced if we hear the claim. Accordingly, Trigueros's argument on appeal is not waived because he sufficiently raised the statutory tolling argument before the district court, and because this is primarily a legal issue, consideration of which does not prejudice the State.

## B. The Effect of the California Supreme Court's Request for Informal Briefing

**[4]** AEDPA has a one-year statute of limitations for the filing of habeas petitions. 28 U.S.C. § 2244(d)(1). AEDPA's statute of limitations is tolled during the time in which a "properly filed" state habeas petition is pending. 28 U.S.C. § 2244(d)(2). A state habeas petition is "pending" as long as the ordinary state collateral review process continues. *See Carey v. Saffold*, 536 U.S. 214, 219-20 (2002). Accordingly, a "pending" petition generally includes the time "between a lower court decision and a filing of a new petition in a higher court." *Id.* at 223.

**[5]** An untimely state petition is not "properly filed" and does not trigger statutory tolling under AEDPA. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). The United States Supreme Court has clarified that "[w]hen a postconviction [habeas] petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)." *Id.* at 414 (internal quotation marks omitted) (alteration omitted). Applying this rule, we have held that statutory tolling under § 2244(d)(2) is unavailable where a state habeas petition is deemed untimely under California's timeliness standards. *See Bonner v. Carey*, 425 F.3d 1145, 1149 (9th Cir. 2005), *as amended* 439 F.3d 993 (9th Cir. 2006).

The issue in this case is whether Trigueros's petition filed with the Superior Court in October 2005 was determined to be timely by the California Supreme Court. We conclude that the California Supreme Court decided that Trigueros's 2005 petition was timely, thereby triggering statutory tolling of AEDPA's one-year statute of limitations.

California courts "appl[y] a general 'reasonableness' standard" when determining whether a habeas petition is timely filed in state court. *Saffold*, 536 U.S. at 222. Under California's standard, "a [habeas] petition should be filed as promptly as the circumstances allow." *In re Clark*, 855 P.2d 729, 738 n. 5 (Cal. 1993). This means that a prisoner must seek habeas relief without "substantial delay." *In re Robbins*, 959 P.2d 311, 317 (Cal. 1998). In noncapital cases, "to avoid the bar of untimeliness with respect to each claim, the petitioner has the burden of establishing (i) absence of substantial delay, (ii) good cause for the delay, or (iii) that the claim falls within an exception to the bar of untimeliness." *Id.* (emphasis omitted).

**[6]** The timeliness of a petition is "measured from the time the petitioner or his or her counsel knew, or reasonably should have known, of the information offered in support of the claim and the legal basis for the claim." *Id.* Because the delay

is measured from when the petitioner knew of the grounds for relief, "[t]hat time may be as early as the date of conviction." *Clark*, 855 P.2d at 738 n.5.

**[7]** The Superior Court found Trigueros's 2005 petition untimely because it was filed approximately two-and-one-half years after he could have discovered that his counsel was allegedly ineffective at trial. Trigueros argues, nonetheless, that the California Supreme Court's order denying his motion impliedly overruled the Superior Court's finding of untimeliness. Trigueros relies on *Robbins* for this proposition. In that case, the California Supreme Court explained:

> [W]hen respondent asserts that a particular claim or subclaim should be barred . . . [because it] is untimely, and when, nevertheless, our order disposing of a habeas corpus petition does not impose the proposed bar or bars as to that claim or subclaim, this signifies that we have considered respondent's assertion and have determined that the claim or subclaim is not barred on the cited ground or grounds.

*Robbins*, 959 P.2d at 340 n.34. Trigueros contends that *Robbins* means that the California Supreme Court determined that his petition was timely, having decided and denied his petition on the merits, and because the order did not cite to a California case for the proposition that it was time barred. We agree.

We are mindful that the United States Supreme Court, without directly citing *Robbins*, has instructed us that we are not to presume that a California state court's denial on the merits means that a petition was timely. *Evans v. Chavis*, 546 U.S. 189, 194 (2006). The Court has recognized that California may "pretermit the question whether a petition is timely and simply deny the petition, thereby signaling that the petition lacks merit." *Walker v. Martin*, 131 S. Ct. 1120, 1124 (2011). It explained that

the Ninth Circuit must not take "such words" (i.e., the words "on the merits") as "an absolute bellwether" on the timeliness question. We pointed out that the Circuit's contrary approach (i.e., an approach that presumed that an order denying a petition "on the merits" meant that the petition was timely) would lead to the tolling of AEDPA's limitations period in circumstances where the law does not permit tolling.

*Evans*, 546 U.S. at 194-95 (citations omitted) (emphasis omitted); *see also Walker*, 131 S. Ct. at 1124 (explaining that "A [California] spare order denying a petition without explanation or citation ordinarily ranks as a disposition on the merits"). This means that a petition decided on the merits by the California Supreme Court "does not *automatically* indicate that the petition was timely filed." *Evans*, 546 U.S. at 197. Furthermore, the United States Supreme Court concluded that where a California Supreme Court order simply states, "Petition for writ of habeas corpus . . . is DENIED," and does not contain the words "on the merits," it is even less likely the California Supreme Court had considered the petition timely on the merits. *Id.* at 195, 197; *cf. id.* at 207-11 (Stevens, J., concurring in the judgment) (disagreeing that prior precedent rejected the presumption and advocating that a presumption be adopted as permitted by *Robbins*, but also recognizing that "a silent order provides no evidence that the state court considered and passed upon the timeliness issue").

**[8]** Accordingly, with the United States Supreme Court's instructions in mind, we do not presume that the California Supreme Court's order summarily denying Trigueros's petition automatically means that the Court considered and found Trigueros's petition timely. There are, however, compelling factual circumstances in this case signaling that the California Supreme Court did consider and reject the State's timeliness argument. Specifically, the California Supreme Court requested informal briefing on the merits, even though the Superior Court made a finding of untimeliness and the Court

of Appeal summarily denied the petition. We find this highly significant. Additionally, the State briefed the timing issue and Trigueros responded. The California Supreme Court thus had before it all of the timeliness arguments from the parties. Given these factual circumstances, we rely on the California Supreme Court's orders practice explained in *Robbins* and conclude that it considered Trigueros's petition timely because the California Supreme Court had the timeliness question before it, and did not cite to cases involving a timeliness procedural bar. *See Robbins*, 959 P.2d at 340 n.34.

We further conclude that these factual circumstances are distinguishable from those in *Bonner v. Carey*, 425 F.3d 1145. In *Bonner*, we considered a situation in which the Superior Court found a habeas petition untimely, and subsequently the California Supreme Court issued a summary denial of the habeas petition. We concluded in *Bonner* that we were required to "determine what the superior court's order mean[t] because that was the last—and only—reasoned decision as to [the] petition," as the Court of Appeal and California Supreme Court had both summarily denied the petition without citation to any authority. *Id.* at 1148 n.13. (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991)). Because the Superior Court's order relied on untimeliness in its decision, we held that the state petition was not timely filed and the petitioner was not entitled to statutory tolling. Trigueros's case is distinguishable from *Bonner* in one very important respect: here, the California Supreme Court requested briefing on the merits from the State in response to Trigueros's habeas petition. We conclude from this significant fact that the California Supreme Court did not find a timeliness procedural bar, and decided Trigueros's petition on the merits.

Interestingly, the State does not dispute the claim that the California Supreme Court considered Trigueros's petition timely. Rather, it argues that under California's writ system, each petition is judged on its own timeliness. Specifically, under California's unique habeas review system, a state pris-

oner must file an original petition for writ of habeas corpus with each reviewing court within a reasonable period of time rather than meeting set times for filing a notice of appeal. *See Safford*, 536 U.S. at 221-22. Thus, according to the State, a petition could be untimely filed with the Superior Court, and yet the next original petition filed with the California Supreme Court may be timely, without the California Supreme Court ever ruling on the timeliness of the Superior Court petition. The State's position is inconsistent with United States Supreme Court precedent and the law of this circuit.

The United States Supreme Court has concluded that while California has an "original writ" system, in practical terms it is "analogous to appellate review systems in other States." *Chavis*, 546 U.S. at 192-93; *Safford*, 536 U.S. at 222-23. Thus, typically a petitioner will file a petition with the Superior Court and then will file an original petition on the same issue, seeking the equivalent of appellate review of the trial or court of appeals decision. *Safford*, 536 U.S. at 222. If the delay between filings is reasonable, the petition is "pending" for purposes of tolling AEDPA's statute of limitations during this period. *Id.* at 225-26. Consistent with the United States Supreme Court's understanding of California's writ system, we have held that the Court of Appeal's determination that a petitioner's claim was timely, contrary to the Superior Court's ruling of untimeliness, meant that the petition was timely before the lower court. *See Campbell v. Henry*, 614 F.3d 1056, 1060-61 (9th Cir. 2010).

**[9]** Accordingly, we find that Trigueros's October 2005 petition filed with the Superior Court was deemed timely on review by the California Supreme Court. As the 2005 petition was timely filed, and the reasonableness of Trigueros's subsequent filings on appeal are not in dispute, his petition has been pending for the duration of state court review, and was statutorily tolled for purposes of AEDPA review.

## CONCLUSION

**[10]** For the foregoing reasons, we find that the California Supreme Court found Trigueros's 2005 habeas petition timely. Since Trigueros then timely filed in federal district court on July 3, 2007, less than a month after the California Supreme Court denied his petition on June 13, 2007, his federal petition was timely filed. We therefore reverse the district court's dismissal of the petition and remand for further proceedings consistent with this opinion.

**REVERSED AND REMANDED**.