**NOT FOR PUBLICATION**

MAR 16 2016

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: HARTFORD LITIGATION CASES, | No. 13-55039 |
| | D.C. No. 2:12-cv-10434-PA-E |
| HARTFORD CASUALTY INSURANCE COMPANY, de facto plaintiff defendant; THE RULE COMPANY INCORPORATED, de facto plaintiff defendant; CRAIG PONCI, de facto plaintiff defendant; NADJA SILLETO, de facto plaintiff defendant; NORMA PIERSON, de facto plaintiff defendant; TONY GAITAN, de facto plaintiff defendant; ELAINE ALBRECHT, de facto plaintiff defendant; THORNHILL AND ASSOCIATES, de facto plaintiff defendant, | |
| Plaintiffs - Appellees, | |
| v. | |
| CORNELIUS TURNER, de facto defendant and plaintiff; LISA TURNER, de facto defendant and plaintiff; MARIAN TURNER, de facto defendant and plaintiff; NINA R. RINGGOLD, Law Offices of Nina R Ringgold defendant non-party de facto party; AMY P. LEE, Law Offices of Amy P Lee de facto defendant non-party, | |

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Defendants - Appellants.

MARIAN TURNER; LISA TURNER; CORNELIUS TURNER,

　　　　　Plaintiffs-counter-defendants
- Appellants,
　And

AMY P. LEE, Law Offices of Amy P. Lee;
NINA R. RINGGOLD, Law Offices of
Nina Ringgold,

　　　　　Appellants,

　v.

HARTFORD CASUALTY INSURANCE
COMPANY,

　　　　　Defendant-counter-claimant -
Appellee,
　And

THE RULE COMPANY,
INCORPORATED; CRAIG PONCI;
NADJA SILLETTO; NORMA PIERSON;
TONY GAITAN; ELAINE ALBRECHT;
THORNHILL AND ASSOCIATES, INC.,

　　　　　Defendants - Appellees.

No. 14-55361

D.C. No. 2:13-cv-08361-PA-E

MEMORANDUM[*]

MARIAN TURNER; LISA TURNER; CORNELIUS TURNER,

No. 14-56731

| | D.C. No. 2:13-cv-08361-PA-E |
|---|---|
| Plaintiffs-counter-defendants, | |
| And | |
| AMY P. LEE, Law Offices of Amy P. Lee; NINA R. RINGGOLD, Law Offices of Nina Ringgold, | |
| Appellants, | |
| v. | |
| THE RULE COMPANY, INCORPORATED; CRAIG PONCI; NADJA SILLETTO; NORMA PIERSON; TONY GAITAN; ELAINE ALBRECHT; THORNHILL AND ASSOCIATES, INC., | |
| Defendants - Appellees, | |
| HARTFORD CASUALTY INSURANCE COMPANY, | |
| Defendant-counter-claimant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted March 8, 2016[**]
Pasadena, California

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: REINHARDT, MURGUIA, and OWENS, Circuit Judges.

Plaintiffs Lisa, Cornelius, and Marian Turner ("the Turners") appeal the denial of their motions to disqualify Judge Percy Anderson, the district court's orders remanding the case to state court, the denial of their motion to reopen previously closed cases, the district court's decision to strike the Turners' filings from the closed docket, orders sanctioning the Turners' counsel, Nina Ringgold and Amy Lee, for various instances of misconduct, and the district court's refusal to sanction defendants' counsel. We affirm all orders.[1]

**1.** We affirm the denial of the Turners' motions to disqualify Judge Anderson. The Turners made their motions under 28 U.S.C. § 455, 28 U.S.C. § 47, and the Due Process Clause. With respect to § 455, the Turners' arguments in favor of recusal are based on mere "unsubstantiated suggestion[s]," which we have previously held are insufficient under both § 455(a) and (b). *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008) (quoting *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993)). For the same reason, "the record does not suggest

---

[1] We also grant the various motions for judicial notice that both the Turners and the defendants filed with this court. *See Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011) (noting that we may take judicial notice of documents from "proceedings in other courts . . . [that] have a direct relation to matters at issue" in this proceeding (quoting *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir.1992))).

4

that 'the probability of actual bias' on Judge [Anderson's] part was 'too high to be constitutionally tolerable[,]' so as to mandate his recusal on due process grounds." *In re Marshall*, 721 F.3d 1032, 1045 n.17 (9th Cir. 2013) (quoting *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)). Finally, § 47, which bars a judge from "hear[ing] or determin[ing] an appeal from the decision of a case or issue tried by him," is plainly inapplicable to this case. We therefore affirm the district court.

**2.** We affirm the district court's two orders remanding the case back to state court. The Turners were *plaintiffs* in state court, and therefore cannot use the removal statutes they invoke. *See* 28 U.S.C. §§ 1441 ("may be removed by the *defendant*"); 1443 ("may be removed by the *defendant*"); 1446 ("*defendant or defendants* desiring to remove") (emphasis added). The Turners argue that they have been made "de facto" defendants because the Los Angeles Superior Court is not "constitutionally constructed." As no authority exists for this nonsensical proposition, it offers no basis upon which to reverse the district court.

**3.** We affirm the district court's denial of the Turners' motion to reopen a previously closed case. As the district court recognized, it had no jurisdiction to reopen the case because, when the case was dismissed, it involved only state law claims as a result of the Turners' voluntarily dismissal of their federal claims.

None of the Turners' arguments based on Federal Rule of Civil Procedure 60(b) offers a basis for relief from a judgment to which they voluntarily acceded.

**4.** We affirm the decision to strike documents from the docket that the Turners attempted to file after the district court closed the docket. The Turners have offered no evidence to support their allegation that they filed the documents before the district court filed its remand order and closed the docket. Even if they had filed the documents prior to the remand order, the documents could not have altered the district court's decision to remand to state court because "counterclaims, even if they rely exclusively on federal substantive law, do not qualify a case for federal-court cognizance." *Vaden v. Discover Bank,* 556 U.S. 49, 61-62 (2009).

**5**. We affirm the district court's imposition of sanctions against the Turners' counsel, Ringgold and Lee. Our conclusion that the district court's finding of bad faith under 28 U.S.C. § 1927 was not erroneous is sufficient to uphold the award of attorneys' fees based on the Turners' frivolous removal motion. As the district court stated, courts in the Central District have repeatedly rejected the arguments that Ringgold and Lee offered in support of the removal motion, and in fact have previously sanctioned the duo on three occasions for similar conduct. That Ringgold and Lee continued to press the same frivolous arguments establishes the

6

bad faith required under § 1927.[2]  Nor did the district court abuse its discretion when, several months later, it barred Ringgold and Lee from filing new cases in the Central District for two months.  It was not erroneous for the district court to determine that the attorneys knowingly violated Local Rule 7-19 when they misrepresented to the court that the defendants failed to respond to the Turners' notice of a pending *ex parte* application.

6. Finally, we affirm the district court's denial of the Turners' request for the issuance of an order to show cause why the defendants' counsel should not be sanctioned.  The Turners cite no authority that establishes that a district court must grant a request for an order to show cause.  Moreover, the Turners' stated basis for the sanctions (that the defendants knew that removal jurisdiction existed) is patently frivolous, for the reasons set forth above.

**AFFIRMED**.

---

[2] For the same reasons, the district court did not abuse its discretion when it referred Ringgold and Lee to the Central District's Standing Committee on Discipline and to the State Bar of California.