**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 05 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAOUL CLYMER, | No. 13-55309 |
| Plaintiff - Appellant, | D.C. No. 5:11-CV-01414 VAP |
| v. | MEMORANDUM[*] |
| KEVIN ELDER, *et al.*, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, Chief District Judge, Presiding

Argued and Submitted November 8, 2016
Pasadena, California

Before: BERZON, CHRISTEN, and NGUYEN, Circuit Judges.

Raoul Clymer appeals the district court's dismissal of his First Amended

Complaint (FAC), which alleged violations of the Racketeer Influenced and

Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 *et seq.*, and several pendent

state law causes of action. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1. The Assignment of Interest from Clymer's brother, Ben Clymer, did not convey a RICO cause of action. The assignment purported to transfer "one half of the interest in the Pimlico Ranch property and any of [Ben Clymer's] rights, title and interest *in said property*." (emphasis added). The handwritten phrase "chose of action" was interlineated between the words "rights" and "title."

Assuming that the "chose of action" interlineation was added at the appropriate time, and also assuming that the language of the assignment is ambiguous regarding whether the "one half" modifier applies to the language after "and," the assignment overall concerned only whatever *property* interest Ben Clymer might have had in Pimlico Ranch. The assignment did not encompass the circumstances of the original loan transaction, which was the basis of Clymer's RICO cause of action. At most, the assignment conveyed the right to sue for any injury to the property, not for alleged fraud based on the underlying loan.

Clymer was not himself a party to the original loan transaction. Absent a proper assignment, Clymer lacked standing to assert the RICO claim alleged. Because Clymer's RICO claim was the only basis for federal jurisdiction cited in the FAC, the district court properly dismissed the action.[1]

---

[1] Because we hold that Clymer was never assigned the right to pursue his RICO claim, we also hold that Clymer's subsequent assignment of a deed of trust in the Pimlico Ranch property to Atia Group, LLC, is irrelevant to this action, whether or not it purported to assign any cause of action. We therefore deny both

(continued...)

2.     Clymer requests that we take judicial notice of his motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59, which was stamped "received but not filed" and not included in the record.  "[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011) (internal quotation marks omitted); *see also* Fed. R. Evid. 201(b).  As Clymer now challenges the refusal to entertain the Rule 59 motion,  Clymer's first request for judicial notice is granted.

Clymer's Rule 59 motion was, however, untimely.  Clymer's motion indicated that Ben Clymer was willing to be joined in the action, which would have cured one of the deficiencies identified by the district court in its dismissal of Clymer's initial complaint, and reiterated in its dismissal of the FAC.  Clymer's motion was dated February 14, 2013, and the stamp on the motion indicates that it was received in the district court on the same day, twenty-nine days after the district court's order dated January 16, 2013 dismissing the FAC. "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).  The district court did not err in declining to

---

[1](...continued)
appellees' request for judicial notice and Clymer's second request for judicial notice.

consider Clymer's motion.

**AFFIRMED.**