NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 12 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| IRENE ZENDANO, individually and as Trustee of The Irene Valerie Zendano Family Revocable Living Trust U.T.D. May 9, 2015,<br><br>    Plaintiff-Appellant,<br><br>  v.<br><br>BASTA, INC., a California nonprofit corporation; et al.,<br><br>    Defendants-Appellees. | No.   19-55230<br><br>D.C. No.<br>2:18-cv-05154-RGK-SS<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted May 8, 2020[**]
Pasadena, California

Before:  M. SMITH and OWENS, Circuit Judges, and HUMETEWA,[***] District
Judge.

---

        [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

        [***]    The Honorable Diane J. Humetewa, United States District Judge for
the District of Arizona, sitting by designation.

Plaintiff-Appellant Irene Zendano ("Zendano") appeals the district court's order granting a special motion to strike her state law claims pursuant to California's anti-Strategic Litigation Against Public Policy ("anti-SLAPP") statute, Cal. Civ. Proc. Code § 425.16, and the district court's order granting a motion for judgment on the pleadings on her Racketeer Influenced and Corrupt Organizations Act ("RICO") claim pursuant to the *Noerr–Pennington* doctrine. We have jurisdiction under 28 U.S.C. § 1291. As the parties are familiar with the facts, we do not recount them here. Reviewing the district court's dismissals de novo, *Kearney v. Foley & Lardner, LLP*, 590 F.3d 638, 643 (9th Cir. 2009), we affirm.

1.     The district court properly granted the Defendants-Appellees' motion to strike Zendano's four state law claims pursuant to California's anti-SLAPP statute. A motion to strike under the anti-SLAPP statute is appropriate if the claims arise from the defendants' protected activity and the plaintiff cannot demonstrate a probability of prevailing on the challenged cause of action. *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1110 (9th Cir. 2003) (describing the two-step burden shifting analysis under California's anti-SLAPP statute). Defendants-Appellees met their prima facie burden of showing that each state law claim arose out of their protected activity, that is, collecting on a judgment lien. *See Thayer v. Kabateck Brown Kellner LLP*, 207 Cal. App. 4th 141, 154, 143 Cal. Rptr. 3d 17, 27 (2012) (holding that plaintiff's action was "based on" lawyer's

2

conduct in prior litigation and was therefore protected under the anti-SLAPP statute). Zendano failed to demonstrate a probability of prevailing on the merits because Defendants-Appellees' conduct is protected by California's litigation privilege. *See Rusheen v. Cohen*, 128 P.3d 713, 718–19 (Cal. 2006) (holding California's litigation privilege precludes liability arising from noncommunicative acts that are necessarily related to enforcing a judgment). Accordingly, we affirm the district court's dismissal of Zendano's state law claims.

2. The district court properly determined that Defendants-Appellees are immune from RICO liability under the *Noerr-Pennington* doctrine because their collection efforts were incidental to petitioning activities, and Zendano failed to allege facts sufficient to show that their collection efforts were objectively baseless or deprived the litigation of its legitimacy such that they fell within the "sham litigation" exception. *See Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 929 (9th Cir. 2006) ("Under the *Noerr-Pennington* doctrine, those who petition any department of the government for redress are generally immune from statutory liability for their petitioning conduct."). In *Sosa*, this Court extended *Noerr-Pennington* immunity to RICO claims premised on demands for settlement of legal claims. *Id.* at 942. In that case, we stated that "conduct incidental to prosecution" of a lawsuit, including "communications between private parties[,] are sufficiently within the protection of the Petition Clause to trigger the *Noerr-Pennington* doctrine, so long

they are sufficiently related to petitioning activity." *Id.* at 934. Because Defendants-Appellees' collection efforts were incidental to the litigation of the attorneys' fees motion and subsequent cost memoranda, they are sufficiently related to petitioning activity to trigger *Noerr-Pennington* protection.

The district court also properly considered, and rejected, Zendano's argument that Defendants-Appellees' conduct fell within the narrow sham litigation exception. *See Theme Promotions, Inc. v. News Am. Mktg. FSI*, 546 F.3d 991, 1008 (9th Cir. 2008) (finding that a "potentially meritorious" suit was not objectively baseless); *Freeman v. Lasky, Haas & Cohler*, 410 F.3d 1180, 1184–85 (9th Cir. 2005) (explaining that an isolated instance of litigation misconduct would not deprive the litigation defense as a whole of its legitimacy). Accordingly, we affirm the district court's dismissal of Zendano's RICO claim.

We grant Defendants-Appellees' motion to take judicial notice (Docket Entry No. 35) because the material is not subject to reasonable debate and is related to the issues on appeal. *Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011).

**AFFIRMED**.