NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 8 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GARRETT KAZUO IGE, | No. 19-56209 |
| Petitioner-Appellant, | D.C. No.<br>5:18-cv-01237-PA-LAL |
| v. | |
| ROSEMARY NDOH, Warden, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted December 5, 2023[**]
Pasadena, California

Before: BEA, M. SMITH, and VANDYKE, Circuit Judges.
Concurrence by Judge VANDYKE.

Petitioner-Appellant Garrett Ige ("Garrett") appeals an order of the United

States District Court for the Central District of California which denied his petition

for federal habeas corpus relief. Garrett argues he was rendered ineffective

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

COA

assistance of trial counsel because his trial attorney failed to investigate and present exculpatory third-party evidence, viz., Garrett's brother, Kenden Ige's ("Kenden"), confession (shortly before his suicide) that he alone committed the murders for which Garrett was convicted and sentenced to life in prison without the possibility of parole. As the parties are familiar with the facts, we do not recount them here.

We have jurisdiction under 28 U.S.C. § 1291 and 28 U.S.C. § 2253. We review de novo the district court's denial of Garrett's petition for a writ of habeas corpus. *Demetrulias v. Davis*, 14 F.4th 898, 905 (9th Cir. 2021). We affirm.[1]

Because Garrett's habeas petition was filed after April 24, 1996, it is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under AEDPA's "highly deferential standard," *Lindh v. Murphy*, 521 U.S. 320, 334 n.7 (1997), this Court "must defer to a state court's decision on any claim that was adjudicated on the merits unless the decision was: (1) 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States'; or (2) 'based on an unreasonable determination

---

[1] Garrett filed a motion which asks us to take judicial notice of the California Supreme Court's informal briefing order (Docket Entry No. 43). We may take judicial notice on appeal. *See* Fed. R. Evid. 201(f). We may take judicial notice of documents "not subject to reasonable dispute," Fed. R. Evid. 201(b), and "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (quoting *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979)). We grant the motion.

of the facts in light of the evidence presented in the State court proceeding,'" *Demetrulias*, 14 F.4th at 905 (quoting 28 U.S.C. § 2254(d)).

We conclude that Garrett's ineffective assistance of counsel claim was adjudicated on the merits by the California Supreme Court, which adjudication is therefore due deference under AEDPA.

Generally, "[w]here there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim [are presumed to] rest upon the same ground." *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991). But "the State may rebut the presumption by showing that [an] unexplained affirmance relied or most likely did rely on different grounds than the lower state court's decision, such as alternative grounds for affirmance that were briefed or argued to the state supreme court or obvious in the record it reviewed." *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018).

Here, the San Bernardino County Superior Court applied a state procedural rule to deny Garrett's petition, and both the California Court of Appeal and the California Supreme Court summarily denied Garrett's petition. However, before it issued its summary denial, the California Supreme Court requested and received informal briefing "on the merits" of Garrett's ineffective assistance of counsel claim. Therefore, "alternative grounds for affirmance [] were briefed" to the California Supreme Court, *id.*, and we are convinced this briefing rebuts the presumption that

the state supreme court's summary denial of Garrett's petition rested upon the same ground as that relied upon by the lower court, *see Trigueros v. Adams*, 658 F.3d 983, 990 (9th Cir. 2011) (holding presumption rebutted by California Supreme Court's request and receipt of informal merits briefing). This straightforward application of our holding in *Trigueros* in no way upsets our decision in *Flemming v. Matteson*, where we declined to extend *Trigueros* to a situation where (1) the relevant ruling was by the California Court of Appeal, not the California Supreme Court, and (2) general "opposition to the petition" (which did not specify any particular issues in which the state appellate court was interested) was requested and received, not informal merits briefing. 26 F.4th 1136, 1141–42 (9th Cir. 2022). Neither distinction this Court drew in *Flemming* applies here.

We further conclude that Garrett's ineffective assistance of counsel claim does not overcome AEDPA's highly deferential standard. "Ineffective assistance of counsel claims are evaluated according to the familiar standard set forth in *Strickland* [*v. Washington*, 466 U.S. 668 (1984)]." *Mann v. Ryan*, 828 F.3d 1143, 1152 (9th Cir. 2016) (en banc). Under this standard, "[f]irst, the defendant must show that counsel's performance was deficient." *Strickland*, 466 U.S. at 687. To demonstrate deficient performance, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 687–88. "Second, the defendant must show that the deficient performance prejudiced the defense." *Id.* at

687.  To demonstrate prejudice, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.* at 694.  Judicial review of ineffective assistance claims under 28 U.S.C. § 2254(d) is "doubly deferential."  *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009).  That is, "[w]hen §2254(d) applies, the question is not whether counsel's actions were reasonable.  The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard."  *Harrington v. Richter*, 562 U.S. 86, 105 (2011).

There is a reasonable argument that Garrett's trial lawyer adequately investigated and presented his case.  The lawyer spoke to Garrett's prior counsel's investigator, who was present at the time Kenden made the confession, and asked the investigator to reconstruct a report thereabout for the purpose of disclosing the confession to the prosecution.  Moreover, Garrett ignores that the lawyer explained to him "that he would not seek admission of the confession because it would not seem credible because [Garrett] and Kenden were siblings."  Reasonable tactical decisions do not constitute ineffective assistance of counsel, even if, in hindsight, better tactics were available.  *See Bashor v. Risley*, 730 F.2d 1228, 1241 (9th Cir. 1984) (citing *United States v. Stern*, 519 F.2d 521, 524–25 (9th Cir. 1975), *cert. denied*, 423 U.S. 1033 (1975)).

It is also reasonably unlikely that the outcome of Garrett's case would have differed had the confession been presented to the jury, given the confession's presentation would have created a conflict within the defense: whereas Garrett and his co-defendant, Lawrence Hughes II, testified that their friend, Jeff Katayama—a prosecution witness—was present at the scene of the crime, Kenden's confession suggested that Katayama was not present at all. Further, the evidence that Garrett participated in the murders was compelling, and the credibility of Kenden's confession was weak, such that a reasonable jurist could conclude that Kenden plausibly had a motive to lie, in his confession, in order to exonerate his brother, Garrett.

Because Garrett is not entitled to habeas relief, he is not entitled to an evidentiary hearing. *See Sully v. Avers*, 725 F.3d 1057, 1075–76 (9th Cir. 2013).

**AFFIRMED.**

*Garrett Ige v. Rosemary Ndoh*, No. 19-56209
VanDyke, Circuit Judge, concurring in the result:

I concur in the result.



FILED

DEC 8 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS