**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 9 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL MOGAN, | No. 23-55489 |
| Plaintiff-Appellant, | D.C. No. 2:23-cv-00174-SB-JC |
| v. | |
| AIRBNB, INC.; O'MELVENY AND MYERS LLP; DAWN SESTITO; DAMALI TAYLOR; DAVE WILLNER; JEFF HENRY; SANAZ EBRAHINI, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Stanley Blumenfeld, Jr., District Judge, Presiding

Submitted June 5, 2024**
Pasadena, California

Before: COLLINS and LEE, Circuit Judges, and RODRIGUEZ,*** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* FED. R. APP. P. 34(a)(2).

\*\*\* The Honorable Xavier Rodriguez, United States District Judge for the Western District of Texas, sitting by designation.

Appellant Michael Mogan ("Mogan"), an attorney proceeding pro se, appeals (1) the district court's order granting Appellee Airbnb, Inc. ("Airbnb") and Appellee Dawn Sestito's ("Sestito") motion to strike Mogan's claims under California's Anti-Strategic Lawsuits Against Public Participation ("anti-SLAPP") statute and to dismiss under Rule 12(b)(6), and (2) the district court's order denying Mogan's motions for reconsideration and leave to amend. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The present appeal is the latest chapter in a long history of litigation initiated by Mogan against or related to Airbnb, either on behalf of himself or his client, Veronica McCluskey, a former Airbnb host. Since 2017, Mogan, either on his own behalf or on behalf of McCluskey, has initiated sixteen separate lawsuits all stemming from a 2017 Airbnb dispute between McCluskey, her co-hosts, and Airbnb.

In 2017, Mogan began representing McCluskey when her Airbnb account was deactivated after an Airbnb investigation found she had violated Airbnb's terms of service and made defamatory statements about her Airbnb co-hosts. At first, Mogan's representation of McCluskey centered on the dispute between McCluskey and her former co-hosts, William and Roxanne Hendricks. But Mogan's representation of McCluskey and his personal stake later expanded, spawning other

lawsuits against Airbnb, its employees, and Airbnb's counsel for the deactivation of McCluskey's account and Airbnb's litigation strategy.

Most importantly, Mogan, proceeding pro se, previously filed a wholly separate suit in the Northern District of California in 2021 against Airbnb and its employees, Dave Willner, Jeff Henry, and Sanaz Ebrahimi, as well as Sacks, Ricketts & Case LLP and two of its attorneys (the "2021 Northern District Airbnb Litigation"). In that case, Mogan asserted seven causes of action, including abuse of process and intentional infliction of emotional distress ("IIED"), related to sanctions obtained by Airbnb against Mogan in a prior state court litigation and Airbnb's alleged failure to pay arbitration fees. O'Melveny & Myers ("O'Melveny"), specifically Sestito and Damali Taylor ("Taylor"), represented Airbnb and its employees and secured both the dismissal of Mogan's claims and Rule 11 sanctions against Mogan. During that representation, O'Melveny filed an unsuccessful vexatious-litigant motion. *See Mogan v. Sacks, Ricketts & Case LLP*, No. 21-cv-08431-TSH, 2022 WL119212, at \*5 (N.D. Cal. Jan. 12, 2022).

In January 2023, Mogan filed the instant suit against Airbnb and its employees[1] as well as O'Melveny and its attorneys, Sestito and Taylor (hereinafter collectively, "Appellees"). In this suit, Mogan asserts that the filing of Appellees'

---

[1] Mogan again named Dave Willner, Jeff Henry, and Sanaz Ebrahimi as defendants—though incorrectly referring to Ebrahimi as "Ebrahini" in his Complaint.

vexatious-litigant motion in the 2021 Northern District Airbnb Litigation amounted to malicious prosecution and IIED. However, soon after Mogan filed this suit, Airbnb and Sestito filed a motion to strike Plaintiff's claims under California's anti-SLAPP statute and to dismiss under Rule 12(b)(6) (the "Anti-SLAPP Motion").

After finding the matter suitable for decision without oral argument, the district court granted the Anti-SLAPP Motion, dismissing Mogan's claims for malicious prosecution and IIED. In applying California's anti-SLAPP framework, the district court held that (1) Mogan's claim arose from an "act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue," (2) Mogan could not satisfy the requisite elements of malicious prosecution given that claim rested on the vexatious-litigant motion filed in the 2021 Northern District Airbnb Litigation, and (3) Mogan's IIED claim was barred by California's litigation privilege. Moreover, as Mogan was not the prevailing party, the district court declined to award him fees pursuant to California Code of Civil Procedure § 425.16(c)(1).

Thereafter, Mogan filed a motion for reconsideration under Federal Rules of Civil Procedure 59(e) and 60(b) and a motion for leave to amend his complaint to add another defendant as well as a civil conspiracy claim. The district court denied both motions. In doing so, the district court held, among other things, that (1) Mogan

had provided no proper basis for reconsideration and (2) Mogan's proposed amendments were futile. This appeal followed.

1. After a de novo review, this Court concludes that the district court properly applied California's anti-SLAPP statute in dismissing Mogan's claims for malicious prosecution and IIED. In seeking review, Mogan argues that (1) California's anti-SLAPP statute does not apply in federal court and, in any event, (2) the district court erred in applying California's anti-SLAPP statute. We address both arguments in turn.

First, despite Mogan's arguments to the contrary, California's anti-SLAPP statute applies in federal court. Though Mogan cites out-of-circuit authority to argue the opposite, California's anti-SLAPP statute plainly applies in federal court under Ninth Circuit precedent. *See CoreCivic, Inc. v. Candide Grp., LLC*, 46 F.4th 1136, 1141–44 (9th Cir. 2022) (holding that California's anti-SLAPP statute applies in federal court).

Second, the district court properly applied California's anti-SLAPP statute in dismissing Mogan's claims as they rest on writings and statements made in civil litigation, and Mogan cannot establish any probability that he will prevail on either his malicious prosecution claim or his IIED claim because both claims fail as a matter of law.

The application of California's anti-SLAPP statute is a two-step process: (1) a defendant must first "establish[] the plaintiff's cause of action arises from the defendant's exercise of the right of petition or free speech," and then (2) the plaintiff must "establish that there is a probability that the plaintiff will prevail on the claim." *Fashion 21 v. Coal. for Humane Immigrant Rts. of L.A.*, 117 Cal. App. 4th 1138, 1145 (2004), *as modified on denial of reh'g* (May 18, 2004) (cleaned up) (citing CAL. CIV. PROC. CODE § 425.16(b)(1)).

Under the first step, Appellees have established that Mogan's cause of action arises from their exercise of the right to petition or free speech. In relevant part, "statements, writings and pleadings in connection with civil litigation are covered by the anti-SLAPP statute, and that statute does not require any showing that the litigated matter concerns a matter of public interest." *Rohde v. Wolf*, 154 Cal. App. 4th 28, 35 (2007); *see also* CAL. CIV. PROC. CODE § 425.16(e). "Numerous cases have held that the SLAPP statute protects lawyers sued for litigation-related speech and activity." *Thayer v. Kabateck Brown Kellner LLP*, 207 Cal. App. 4th 141, 154 (2012), *as modified* (June 22, 2012). Here, Mogan premises his claims on a vexatious-litigant motion filed by O'Melveny on behalf of Airbnb and its employees in a separate suit, squarely falling within the ambit of the first step. *See Flatley v. Mauro*, 39 Cal. 4th 299, 320 (2006).

6

Mogan contends that a narrow exception removes his claims from the first step's scope. According to Mogan, Appellees' conduct in prior litigation "was illegal and [thus] not constitutionally protected." *Id.* at 317. Specifically, Mogan contends that Airbnb allegedly procured false testimony in prior litigation to compel arbitration and to conceal the late payment of arbitration fees. However, there are two issues with Mogan's position: (a) the challenged act underlying this suit is the filing of the vexatious-litigant motion in the 2021 Northern District Airbnb Litigation, not the alleged solicitation of false testimony; and (b) Mogan simply fails to show that Appellees' conduct was illegal as a matter of law. *See id.* at 320. Accordingly, Mogan fails to demonstrate that this exception applies.

Under the second step, Mogan fails to state a plausible claim under Rule 12(b)(6), and his claims fail as a matter of law. To start, Mogan's malicious prosecution claim is improperly based on a subsidiary procedural motion filed in other litigation. Though independent actions for declaratory relief and frivolous cross-claims can give rise to malicious prosecution liability under California law, a vexatious-litigant motion filed in other litigation will not support a malicious prosecution claim. *See Adams v. Superior Ct.*, 2 Cal. App. 4th 521, 528 (1992) ("[S]ubsidiary procedural actions within a lawsuit such as an application for a restraining order or for a lien will not support a claim of malicious prosecution."). Next, Mogan's IIED claim fails as a matter of law as it is based on Appellees'

7

vexatious-litigant motion filed in the 2021 Northern District Airbnb Litigation. That is, Mogan's IIED claim is barred by California's litigation privilege as it is based wholly on Appellees' litigation conduct. *See Jacob B. v. Cnty. of Shasta*, 40 Cal. 4th 948, 956 (2007); *Flatley*, 39 Cal. 4th at 323.

Though Mogan argues the illegality exception removes his IIED claim from the ambit of California's litigation privilege, Mogan fails to point to any illegal conduct by Appellees in filing the vexatious-litigant motion. Instead, Mogan again contends that Appellees procured false testimony in prior litigation. But Mogan's allegations do not remove his IIED claim from California's litigation privilege. *See Flatley*, 39 Cal. 4th at 322 ("The litigation privilege has been applied in 'numerous cases' involving 'fraudulent communication or perjured testimony.'"). In addition, Mogan's allegations are, as discussed above, simply irrelevant because his claims here rest on the vexatious-litigant motion filed in the 2021 Northern District Airbnb Litigation.[2]

2. As for Mogan's challenge to the district court taking judicial notice of some records, we find no error. "[A] court may take judicial notice of matters of public

---

[2] Mogan also contends that the district court erred in failing to award him attorney's fees under under California Code of Civil Procedure § 425.16(c) for those fees incurred in opposing the Anti-SLAPP Motion. However, as we conclude the district court properly granted the Anti-SLAPP Motion dismissing Mogan's malicious prosecution and IIED claims, Mogan was not the prevailing party and thus was not entitled to attorney's fees under California Code of Civil Procedure § 425.16(c).

record without converting a motion to dismiss into a motion for summary judgment." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001)). Though Mogan contends the district court erred in judicially noticing court and arbitration records from Mogan's prior litigation history, those records are plainly noticeable. *See Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011) (court documents); *DeFiore v. SOC LLC*, 85 F.4th 546, 553 n.2 (9th Cir. 2023) (arbitration awards and briefing). Of course, while "a court cannot take judicial notice of disputed facts contained in [judicially noticed] public records," *Khoja*, 899 F.3d at 999, Mogan fails to demonstrate that the district court relied on any such disputed fact in reaching its conclusion.

Nor did the district court abuse its discretion in forgoing oral argument and deciding the Anti-SLAPP Motion on the briefs. Contrary to Mogan's arguments, the district court's decision to forgo oral argument did not violate Mogan's constitutional or civil rights. Mogan does not have a constitutional right to oral argument. *Toquero v. I.N.S.*, 956 F.2d 193, 196 n.4 (9th Cir. 1992) ("[I]t is well settled that oral argument is not necessary to satisfy due process."). Further, though Mogan argues he was entitled to oral argument as a "reasonable accommodation" as he has "communications disabilities" and "health issues," Mogan does not direct us to any authority suggesting that Mogan's alleged disabilities and health issues entitle him to oral argument, and we have found none.

The district court also did not abuse its discretion in denying Mogan's motion for reconsideration. A motion for reconsideration can only be properly granted in certain circumstances. *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) ("Under Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."); FED. R. CIV. P. 60(b); *see also Delay v. Gordon*, 475 F.3d 1039, 1044 (9th Cir. 2007). But Mogan never pointed to any proper grounds for reconsideration; instead, Mogan improperly sought to reargue many of the same arguments earlier made in opposition to the Anti-SLAPP Motion. *See* C.D. Cal. R. 7-18 ("No motion for reconsideration may in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion."). The other claimed bases for reconsideration—that other Defendants had failed to appear, that another Defendant allegedly filed an untimely joinder to the Anti-SLAPP Motion, and that Mogan was improperly deprived of oral argument—were meritless and did not warrant reconsideration.

Nor did the district court abuse its discretion in denying Mogan leave to amend his complaint. Mogan sought to add a frivolous civil conspiracy claim and to add as another defendant the Airbnb in-house counsel that reviewed the vexatious-litigant motion before it was filed. None of the proposed amendments would have

saved his malicious prosecution or IIED claims from dismissal, and the proposed civil conspiracy claim would have failed as a matter of law as well. *Steiner v. Eikerling*, 181 Cal. App. 3d 639, 643 (1986) (applying California's litigation privilege to bar a civil conspiracy claim). Therefore, the district court properly denied Mogan's motion for leave to file an amended complaint as his proposed amendments were futile. *See Partington v. Bugliosi*, 56 F.3d 1147, 1162 (9th Cir. 1995) ("[A] district court may properly deny such a motion if it would be futile to [amend].").

**AFFIRMED**.