NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 27 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICHARD ALAN NOLAN, | No. 20-55714 |
| Plaintiff-Appellee, | D.C. No. 8:18-cv-00847-FMO (MAA) |
| v. | |
| CHARLES CALLAHAN, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Hon. Fernando M. Olguin, Presiding

Submitted August 3, 2021**
Pasadena, California

Before: PAEZ, CALLAHAN, and BENNETT, Circuit Judges.

Richard Nolan appeals the district court's dismissal of his petition for writ of

habeas corpus. The district court dismissed the petition for procedural default

under California's timeliness rule. We have jurisdiction under 28 U.S.C. § 1291

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

and § 2253, and we affirm.

"We review de novo a district court's dismissal of a habeas petition on timeliness grounds." *Trigueros v. Adams*¸ 658 F.3d 983, 987 (9th Cir. 2011). We review the district court's findings of fact for clear error. *Poyson v. Ryan*¸ 879 F.3d 875, 887 (9th Cir. 2018).

California's timeliness requirement is an independent and adequate state procedural rule which will bar federal relief if violated. *Walker v. Martin*, 562 U.S. 307, 316-17 (2011); *Bennett v. Mueller*, 322 F.3d 573, 581 (9th Cir. 2003). When a petitioner violates a state's procedural rule, "federal habeas review is barred unless the prisoner can demonstrate cause for the procedural default and actual prejudice, or demonstrate that the failure to consider the claims will result in a fundamental miscarriage of justice." *Bennett*, 322 F.3d at 580 (citation omitted).

California's timeliness rule provides that a petitioner must file his or her habeas petition "without substantial delay, as measured from the time the petitioner or counsel knew, or reasonably should have known, of the information offered in support of claim and legal basis for claim." *Walker*¸ 562 U.S. at 312 (internal quotation marks and citations omitted).

Nolan's state habeas petition claimed ineffective assistance of trial counsel, trial court error, and ineffective assistance of appellate counsel. We address the timeliness of these claims separately. First, Nolan was aware of his claim for

2

ineffective assistance of trial counsel and trial court error at the end of the trial court proceedings in June 2013 yet delayed filing his petition asserting such claims until May 2018. Indeed, the superior court found that the five- year delay violated California's timeliness rule. Similar delays have been held to be substantial and to constitute grounds for holding that a habeas claim was procedurally barred. *See Walker*, 562 U.S. at 310 (recognizing a California state court's decision to dismiss a petition as untimely because the petitioner filed their petition five years after conviction).

Second, Nolan was aware of his claim for ineffective assistance of appellate counsel in February 2017, and no later than in May 2017 when the ninety-day period for filing a petition for certiorari expired, yet he delayed filing his state habeas petition, which included his claim of ineffective assistance of appellate counsel, until May 17, 2018. The superior court determined that this one-year delay violated California's timeliness rule. This is consistent with the Supreme Court's opinion in *Evans v. Chavis,* 546 U.S. 189, 201 (2006) ("We have found no authority suggesting, nor found any convincing reason to believe, that California would consider an unjustified or unexplained 6-month filing delay 'reasonable.'"). Because his state habeas petition was untimely, Nolan must satisfy cause and prejudice to overcome the procedural default. *See Murray v. Carrier*, 477 U.S. 478, 485 (1986).

Nolan contends that he had cause to overcome his delay. Nolan cites California's law barring successive petitions as justification for delaying five years to file his trial court claims. California law states "[a] successive petition presenting additional claims that could have been presented in an earlier attack on the judgment is, of necessity, a delayed petition." *In re Clark*, 855 P.2d 729, 742 (Cal. 1993). Nolan argues that if he had filed his petition with claims for ineffective assistance of trial counsel and trial court error before the California Supreme Court denied review of his appeal, he would have forfeited his opportunity to later file a petition for ineffective assistance of appellate counsel.

We disagree. Although California law prefers petitioners to file a single petition with all related claims, California courts will not reject a successive petition simply because it is successive. *See id.* at 745; *see also In re Friend*, 489 P.3d 309, 315 (Cal. 2021). Rather, a California court will first ask whether the habeas petitioner who files a second or subsequent petition has adequately justified his or her failure to present his or her claims in an earlier petition. *Id.* at 318. Nolan could have filed a petition with claims for ineffective assistance of trial counsel and trial court error immediately after his trial without forfeiting a future ineffective assistance of appellate counsel claim.

Even accepting that Nolan could not bring his ineffective assistance of appellate counsel claim until May 2017, he must show cause for his failure to file

4

his habeas petition before May 2018.

Nolan's only explanation for the delay, that he was without habeas counsel for eleven months, is insufficient to show cause. California law provides, "A petitioner will be expected to demonstrate due diligence in pursuing potential claims. If a petitioner had reason to suspect that a basis for habeas corpus relief was available, but did nothing to promptly confirm those suspicions, that failure must be justified." *Id.* at 326 (quoting *Clark*, 855 P.2d at 745). Nolan has not shown due diligence. Nolan does not deny that he suspected ineffective assistance of appellate counsel in May 2017 and does not explain what efforts, if any, he took to file his habeas petition. Moreover, it is by no means clear that Nolan had a right to counsel in his state-post conviction proceedings. *See Davila v. Davis*, 137 S.Ct. 2058, 2062-63 (2017).

Because Nolan has failed to show cause for his delay in filing his state habeas petition, we need not address whether Nolan suffered actual prejudice. *See Thomas v. Lewis*, 945 F.2d 1119, 1123 n.10 (9th Cir. 1991). The district court's dismissal of Nolan's habeas petition is **AFFIRMED**.